Charles **FRIEDGOOD**, et al., Plaintiffs,

v.

David **AXELROD**, et al., Defendants.

No. 81 Civ. 7938(MP).

United States District Court, S.D. New York.

Oct. 1, 1984.

Dewey, Ballantine, Bushby, Palmer & Wood by Joseph Zelmanovitz, New York City, for plaintiffs.

Robert Abrams, Atty. Gen. of N.Y. by Jo Ann M. Becker, Asst. Atty. Gen., New York City, for defendants.

## MEMORANDUM

MILTON POLLACK, Senior District Judge.

Defendants request an award of attorneys' fees and excess costs be imposed against plaintiff, Douglas Lee, and his court-appointed attorney, Joseph Zelmano-

vitz, claiming that Lee fabricated his entire story, perpetrated a hoax, and suborned perjury of witnesses in a case which was dismissed after an evidentiary hearing.

The Court must determine whether plaintiff brought this 42 U.S.C. § 1983 action in bad faith and should be assessed attorneys' fees under 42 U.S.C. § 1988; and, whether his attorney's professional conduct fell below that required by Fed.R.Civ.P. 11, 28 U.S.C. § 1927, and the basic respect owed the court's judicial processes.

### Plaintiff's Conduct

Under certain circumstances, costs can be imposed against a losing plaintiff in favor of the prevailing defendant. 28 U.S.C. § 1988 provides: "... In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

Recently, the Second Circuit has explained that "defendants in civil rights cases are entitled to fees under Section 1988 upon a showing that the complaint is frivolous without regard to the state of mind of either plaintiff or his or her counsel." *Valentin v. Koch,* 739 F.2d 755 at 761 (2d Cir.1984). *See also Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 1937 n. 2, 76 L.Ed.2d 40 (1983) (prevailing defendant may recover attorneys' fees where the suit was "vexatious, frivolous, or brought to harass or embarrass the defendant").

Lee's suit was certainly frivolous, and even in bad faith. In his affidavit and at the evidentiary hearing, he asserted that defendants required him to remove asbestos without giving him any protective clothing. The Court dismissed the suit after finding that "[t]he proof worthy of belief is conclusive that the inmates were not used in the areas ... at the times and circumstances asserted by the plaintiff." Transcript at 94. "[It] would have been a very unusual feat in view of the actual location of the sprayed asbestos above a hung ceil-

ing" for Lee to have been where he alleged he worked. *Id.* at 94.

Lee's bad faith was evident since the Court was "distinctly of the impression that the plaintiff Lee has tailored his statements to meet the fluid requirement of the explanations of the actual physical circumstances and events as they have been established by uncontrovertible documentary, photographic and other evidence." *Id.* at 94.

As the Court noted at the hearing, "[Lee], who claims to be a graduate psychologist from an East German university ..., a sometime law student, [and a medical doctor] ... is, in this court's judgment, having seen and heard the witness and judged the demeanor of him, utterly unworthy of belief." *Id.* at 95.

██ Since Lee's action was brought in bad faith, the assessment of attorneys' fees against him is appropriate. The fee must be fair and reasonable; and, the Court can consider the plaintiff's "vindictiveness" in addition to his financial status when determining what fee will fulfill the statute's deterrent purposes. *See Faraci v. Hickey-Freeman Co., Inc.,* 607 F.2d 1025, 1028–29 (2d Cir.1979). Lee would have an incentive to bring similar frivolous, outrageous, and abusive litigation if his impecunious financial status could bar recovery of attorneys' fees. Defendants seek $13,433.75 in attorneys' fees. Under the circumstances, the Court assesses $5000.00.

*Zelmanovitz' Conduct*

Defendants also seek to assess excess costs and attorneys' fees under 28 U.S.C. § 1927, Fed.R.Civ.P. 11, and the court's inherent equitable powers. Section 1927 provides: "Any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

██ Attorneys' fees will not be imposed under § 1927 or pursuant to the court's inherent authority to protect the judicial

process from abuse unless there is "'clear evidence' that the claims are 'entirely without color *and* made for reasons of harassment or delay or for other improper purposes.'" *Nemeroff v. Abelson,* 620 F.2d 339, 348 (2d Cir.1980), *quoting Browning Debenture Holders' Comm. v. DASA Corp.,* 560 F.2d 1078, 1088 (2d Cir.1977) (emphasis in the original). *See also West Virginia v. Chas. Pfizer & Co.,* 440 F.2d 1079, 1092 (2d Cir.), *cert. denied sub nom. Cotler Drugs, Inc. v. Chas. Pfizer & Co.* 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971).

Recently amended Fed.R.Civ.P. 11 subjects an attorney to fees and costs if he does not make a "reasonable inquiry" to establish whether a pleading or motion is well grounded in fact. The Advisory Committee Notes to the Rule make clear that "what constitutes a reasonable inquiry may depend on such factors as how much time for investigation was available to the signer; [and] whether he had to rely on a client for the information as to the facts underlying the pleading...." Notes of Advisory Comm. on Rules to the 1983 Amendment to Rule 11.

██ The record shows that Mr. Zelmanovitz acted commendably, in a professional manner, and in good faith, respecting both his obligation as a court-appointed counsel and the court's processes.

After his appointment, Mr. Zelmanovitz proceeded in a responsible manner to conduct discovery. He took extensive interrogatories, requested depositions, requested production of all Lee's medical records, and retained a medical internist to examine Lee.

Mr. Zelmanovitz was not required to disbelieve his own client and dismiss the case just because on the afternoon before the evidentiary hearing, defendants' attorney showed him unauthenticated photographs and blueprints casting doubt on the integrity of the representations made by his client to him. Mr. Zelmanovitz had previously been told by the defendant that there was not an asbestos problem in

Greenhaven Correctional Facility, when, in fact, plaintiff purported to have samples which allegedly supported a finding of an asbestos problem involving the plaintiff.

Nor did Mr. Zelmanovitz have to accept defendants' assertion that there were numerous inconsistencies in plaintiff's affidavit, since he could reasonably rely on his own client's affidavit when supported by other sworn statements. Mr. Zelmanovitz "could have concluded that facts supporting the claim *might be established.*" *Nemeroff v. Abelson*, 620 F.2d 339, 348 (2d Cir.1980) (emphasis in the original). It was not until the evidentiary hearing that all the facts were put forth and plaintiff's assertions tested.

In light of the fact that defendants had previously made a suspect disclosure, that defendants' evidence was not given to Mr. Zelmanovitz until the afternoon before the hearing, that Lee had sworn to the circumstances surrounding the complaint, and that other inmates had corroborated Lee's assertions, Mr. Zelmanovitz acted in good faith and reasonably under all the circumstances.

*Conclusion*

The Court finds that plaintiff, Lee, acted in bad faith by instituting and maintaining this frivolous action. Accordingly, defendants' motion for excess costs and attorneys' fees under 42 U.S.C. § 1988 is granted and Lee is assessed $5000.00.

Plaintiff's court-appointed attorney, Joseph Zelmanovitz acted reasonably, in good faith, and in a professional manner at all times in this case. Defendant's motion for excess costs and attorneys' fees under Fed. R.Civ.P. 11, 28 U.S.C. 1927, and the court's inherent equitable powers is denied.

SO ORDERED.