Teresa G. SUSSMAN, f/k/a Teresa M. Gaffney, Plaintiff,

v.

SALEM, SAXON AND NIELSEN, P.A., et al., Defendants.

No. 91–776–Civ–T–17(C).

United States District Court, M.D. Florida, Tampa Division.

July 20, 1993.

---

3. *Supra* p. 208.

Anthony F. Gonzalez, Law Office of Anthony F. Gonzalez, Tampa, FL, Neil Harvey Chonin, Chonin & Sher, P.A., Coral Gables, FL, for plaintiff.

Thomas M. Gonzalez, Mark A. Hanley, Thompson, Sizemore & Gonzalez, Tampa, FL, for defendants.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before the Court on the following motions and responses thereto:

1.  Defendant's Notice of Filing Claim for Attorneys' Fees and Costs Pursuant to Court Order of April 13, 1993, filed on April 23, 1993. (Docket No. 130).

2.  Affidavit of Attorneys' Fees and Costs, filed on April 23, 1993. (Docket No. 136).

4.  Affidavit of Attorneys' Fees and Costs, filed on April 23, 1993. (Docket No. 135).

5.  Motion for Rehearing of Order on Defendant's Motion to Award Sanctions, filed on April 23, 1993. (Docket No. 137).

6.  Plaintiff's Response to Defendant's Notice of Filing Claim for Attorney's Fees and Costs Pursuant to Court Order of April 13, 1993, filed on April 28, 1993. (Docket No. 140).

7.  Defendants' Reply to Plaintiff's Motion for Rehearing or Order on Defendants' Motion for Sanctions, filed on May 5, 1993. (Docket No. 142).

## STATEMENT OF FACTS

Plaintiff alleges that certain actions of Defendants subjected Plaintiff to a hostile working environment and discrimination on account of her pregnancy, steadily increasing in intensity and culminating in her discharge.

Plaintiff further alleges that the conduct of Defendants was done with malice or with reckless indifference to her federally protected rights. Plaintiff also alleges that as a result of Defendants' discriminatory actions and termination, she suffered the loss of salary and fringe benefits. Plaintiff brought civil rights suit alleging constructive discharge resulting from disparate treatment violated the Pregnancy Discrimination Act.

### RELEVANT PROCEDURAL HISTORY

Plaintiff's original Complaint, filed on June 21, 1991 ("Complaint" Docket No. 1) through her counsel at that time Mark F. Kelly, Florida Bar No. 216755, alleged a violation of Title VII of the Civil Rights Act of 1964, as amended, and codified as 42 U.S.C. § 2000e–2000e–17 (1982). Specifically, the Plaintiff alleged violations of the Pregnancy Discrimination Act, codified as 42 U.S.C. §§ 2000e(k), 2000e–2(a) (1982) and the Florida Human Rights Act of 1977, Chapter 760, FLA. STAT., recently amended by the Florida Civil Rights Act of 1992 (ch. 92–177, Laws of Florida). The Defendants identified in the original Complaint were SALEM, SAXON AND NIELSEN, P.A.; SS & N ASSOCIATES, INC.; SS & N FINANCIAL SERVICES; RICHARD J. SALEM; BERNICE S. SAXON; RICHARD A. NIELSEN; DAVID J. TONG; CONSTANCE J. MCCAUGHEY; JOANNE A. ELLISON; AND CHARLOTTE BARONE. Ultimately, this Court ordered the dismissal of Defendants SS & N FINANCIAL SERVICES, SS & N ASSOCIATES, DAVID J. TONG, CONSTANCE MCCAUGHEY, JOANNE A. ELLISON, AND CHARLOTTE BARONE, following a Stipulation of Dismissal entered between the parties and filed pursuant to Rule 41(a)(1), Fed.R.Civ.P. (Docket No. 18). Defendants reserved the right to move for attorney fees and costs in the Stipulation of Dismissal. Pursuant to Rule 11, Fed.R.Civ. P., current and former Defendants filed a Motion to Award Sanctions (Docket No. 121) against the Plaintiff, and not against Plaintiff's attorney. The Motion to Award Sanctions requested expenses, attorney fees, and other appropriate sanctions on the grounds that Plaintiff had no basis in fact for naming certain persons in the original "Complaint and Demand for Jury Trial—Injunctive Relief Sought" as Defendants. On April 13, 1993 this Court ordered the award of Rule 11 sanctions to the Defendants (*Sussman v. Salem, Saxon & Nielsen, P.A.*, 818 F.Supp. 1510 (M.D.Fla.1993); Docket No. 131).

Subsequent to the Court Order of April 13, 1993, Defendants issued a Notice of Filing Claim for Attorneys' Fees and Costs (Docket No. 134) and Affidavit of Attorneys' Fees and Costs (Docket No. 135, 136). Defendants stated that a fair and equitable way of distributing fees and expenses could be derived by deducting 40% of the representing firm's time and expenses since four (4) of the ten (10) original Defendants remain in the action. Plaintiff filed a Response to Defendant's Notice of Filing Claim for Attorneys' Fees and Costs (Docket No. 140). Plaintiff asserted that "Defendants are entitled to no money with regard to the Court's Order" asserting the grounds that: 1) Defendants never alleged that it took extra time to represent the six (6) additional Defendants and 2) Defendants drafted their Motion to Award Sanctions, which was signed by their attorney.

On April 23, 1993, Plaintiff filed a Motion for Rehearing of Order on Defendant's Motion to Award Sanctions (Docket No. 137). In the Motion for Rehearing, Plaintiff reminded this Court that: 1) Plaintiff provided the facts for the lawsuit to her attorney, who she relied upon to decided who to include as a Defendant in the lawsuit and 2) Plaintiff has a background in tax law, not labor law or federal practice including Rule 11 sanctions. Subsequently, Defendants' filed a Reply to Plaintiff's Motion for Rehearing of Order on Defendants' Motion for Sanctions (Docket No. 142). In light of the procedural history and submitted documents, this Court considers the various motions.

### I. MOTION FOR REHEARING:

According to Rule 3.01(a) of the Local Rules of the United States District Court for the Middle District of Florida, "In making any written motion or other application to the Court for the entry of an order of any kind ... the moving party shall file and serve with such motion or application a brief

or legal memorandum with citation of authorities in support of the relief requested." Rule 3.01(b) notes that "Each party opposing any written motion or other application shall file and serve … a brief or legal memorandum with citation of authorities in opposition to the relief requested." The Court admonishes Counsel for the Plaintiff and the Defendants, respectively, for not abiding by Rule 3.01(a) and (b) and submitting a brief or legal memorandum complete with citations of supporting authorities. This Court reminds Counsel for the Plaintiff of Rule 3.01 for a second time. (See Court Order, April 14, 1993). In the future, motions under consideration of this Court should comply with the local rules.

█ With regard to Rule 11 sanctions under the Motion for Rehearing, this Court recognizes Rule 11's objectives, which include: (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management. See American Bar Association, Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure (1988), reprinted in, 5 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure 212, 235–36 (Supp.1989); *Donaldson v. Clark,* 819 F.2d 1551 (11th Cir.1987). The primary goal of the sanctions is deterrence. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990) ("It is now clear that the central purpose of Rule 11 is to deter baseless filings in District Court and thus, … streamline the administration and procedure of the federal courts."); see also Advisory Committee Note to Rule 11, 97 F.R.D. 198 (1983).

█ This Court notes that a party represented by an attorney should not be sanctioned for papers signed by the attorney unless the party had actual knowledge that filing the paper constituted wrongful conduct, e.g., the paper made false statements or was filed for an improper purpose. The Advisory Committee stated that allocation of sanctions among attorneys and their clients was a matter of judicial "discretion" and that sanctions should be imposed on a party where appro-

priate under the circumstances. Rule 11, Fed.R.Civ.P. advisory committee's note to 1983 amendment. The Committee cited *Browning Debenture Holders Committee v. DASA Corp.,* 560 F.2d 1078 (2d Cir.1977), holding a party should not be held liable for wrongful conduct by attorneys unless the party was personally aware of or responsible for the conduct. Where a party misleads an attorney as to facts or the purpose of the lawsuit, but the attorney nevertheless had an objectively reasonable basis to sign the papers in question, then sanctions on the party alone are appropriate. See *Friedgood v. Axelrod,* 593 F.Supp. 395 (S.D.N.Y.1984) (plaintiff lied to attorney).

█ Rule 11 imposes on trial courts an objective standard of reasonableness under the circumstances. *Business Guides, Inc. v. Chromatic Commun. Enter., Inc.,* 498 U.S. 533, 546–549, 111 S.Ct. 922, 931–932, 112 L.Ed.2d 1140 (1991); *Hashemi v. Campaigner Publications, Inc.,* 784 F.2d 1581 (11th Cir.1986). The reasonableness of the conduct involved is to be viewed at the time counsel or the party signed the document alleged to be the basis of the Rule 11 sanction. In *Business Guides,* the Supreme Court held that any attorney, represented party, or pro se litigant who signs a pleading or other paper or affidavit without first conducting a reasonable inquiry may be liable for Rule 11 sanctions. 498 U.S. at 540–547, 111 S.Ct. at 928–931. The notes of the Advisory Committee pertaining to the 1983 amendment of Rule 11 state: "If the duty imposed by the rule is violated, the court should have the discretion to impose sanctions on either the attorney, the party the signing attorney represents, or both, or on an unrepresented party who signed the pleading, and the new rule so provides … Even though it is the attorney whose signature violates the rule, it may be appropriate under the circumstances of the case to impose sanctions on the client."

█ This Court, in its April 13, 1993 order noted Attorney Kelly's efforts to make a reasonable inquiry. Plaintiff's Motion for Rehearing (Docket No. 137) reasserts, as originally noted in Plaintiff's Response to

Defendants' Motion to Award Sanctions and Memorandum of Law (Docket No. 124), her reliance on original counsel's expertise to decide who to include as a Defendant in the lawsuit. In the previous order, this Court acknowledged that Attorney Kelly did "doublecheck with [the Plaintiff] and [he] had some discussions with her about the specific persons involved before [he] filed the Complaint." (Motion to Award Sanctions, p. 6). Attorney Kelly relied upon information secured from his client a trained licensed professional who is a member of the Florida Bar. After filing the Complaint, Attorney Kelly conducted further inquiry, informed Plaintiff that a dismissal against certain Defendants was in order unless she could provide further information and reasons to maintain those persons as Defendants. (Motion to Award Sanctions, p. 6). After failing to produce this information, Attorney Kelly was terminated as Plaintiff's counsel. This Court maintains presently, as in its April 13, 1993 Order, that Plaintiff's initial counsel, Mark Kelly, did not fail to conduct a reasonable prefiling inquiry as required by Rule 11 to determine that this action was well-grounded in fact and legally warranted.

Plaintiffs may not shield their own incompetence by arguing that, while they failed to make a valid argument, a competent attorney would have done so. See *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 482 (3d Cir.1987) (Rule 11 intended to prevent abuses arising from bad faith, negligence, and to some extent, professional incompetence). While Attorney Kelly did bear the "laboring oar" when he filed the initial Complaint, it was Plaintiff who provided the leaky boat when several Defendants were named without any factual or legal foundation. In *United States v. Milam*, the court held that Rule 11 sanctions would be appropriate against a party who is the "principal actor." *Milam*, 855 F.2d 739, 743 (11th Cir.1988). In the case at bar, Plaintiff conceded in her deposition that she was never an employee of either SS & N ASSOCIATES, INC., OR SS & N FINANCIAL SERVICES, who were both former Defendants. (Transcript of Teresa Sussman Deposition, pp. 120–22). The Complaint alleges that both business organizations were employers, and it is presumed that allegation was intended to assert both organizations were employers of the Plaintiff. (Complaint, pp. 1–2).

Plaintiff admitted uncertainty as to whether DAVID J. TONG was a partner or fiduciary in the named business organizations. Plaintiff named Mr. Tong as a Defendant because of his position as a partner in one or more of the business organizations and not because he had any personal involvement in the alleged acts of discrimination. Defendants have not provided evidence that Plaintiff's allegations as to CONSTANCE MCCAUGHEY were without factual basis. However, Plaintiff expressed significant doubt as to the status of JOANNE ELLISON, and failed to identify her in a capacity that would support her as a Defendant in this case.

The order of April 13, 1993, notes that is undisputed that Plaintiff did provide her attorney with factual information for inclusion in the Complaint. (Teresa Sussman Deposition, p. 40). Plaintiff received the Complaint and delegated its review to her husband at her own peril. (Teresa Sussman Deposition, p. 40). Plaintiff had determined that her husband had enough information to determine the factual accuracy of the Complaint. Plaintiff's husband noted that the Complaint was derived from factual information supplied to Attorney Kelly by Plaintiff. (Dov Sussman Deposition, p. 9). It was this Court's previous conclusion, and one that is presently reaffirmed, that the Plaintiff is properly assigned responsibility for any false statements in the Complaint. Therefore, this Court concludes that Plaintiff's Motion for Rehearing is denied.

## II. DEFENDANT CLAIM FOR FEES AND COSTS

Although the rule specifically allows the award of attorney's fees to the opposing party as an appropriate sanction, the award of fees "is but one of several methods of achieving the various goals of Rule 11." *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988). The mention of attorney fees under Rule 11 does not create an entitlement to full com-

215

pensation on the part of the opposing party every time a frivolous paper is filed. See e.g., *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 879 (5th Cir.1988) (reasonable attorney fees "does not necessarily mean actual expenses.").

■ While the monetary sanction is normally limited to reasonable attorney's fees and expenses, the court must also consider other factors in arriving at an "appropriate sanction." Rule 11, Fed.R.Civ.P. The appropriate sanction should be the least severe sanction adequate to deter and punish the plaintiff. *Cabell v. Petty*, 810 F.2d 463, 466–467 (4th Cir.1987).

The Supreme Court has determined that the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Using *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir.1988), the proper emphasis should be placed on the objective lodestar approach. Accordingly, courts have also used the four factor test outlined in Tenth Circuit where the basis of the sanction should evaluated according to four factors: (1) the reasonableness of the opposing party's attorney's fees; (2) the minimum necessary to deterrence; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation. *White v. General Motors Corp*, 908 F.2d 675 (10th Cir.1990).

■ 1. *Reasonableness (lodestar) calculation.* Rule 11 sanctions are generally to pay the opposing party's "reasonable expenses ... including a reasonable attorney's fee," Rule 11, Fed.R.Civ.P., incurred because of improper behavior. The plain language of the rule requires that the court independently analyze the reasonableness of the requested fees and expenses. *Doering*, 857 F.2d at 195. The injured party has a duty to mitigate costs by not overstaffing, overresearching or overdiscovering clearly meritless claims. *White*, 908 F.2d at 675. The Tenth Circuit noted that it did not intend the examination of "reasonableness" to place any significant additional time burden upon the court or to require additional evidentiary hearings. *Id.* at 684.

■ In order to determine a reasonable hourly rate, there must be a correlation between the fees requested under the sanctions and the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988) (citing *Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541, 1547 n. 11, 79 L.Ed.2d 891). In citing *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (11th Cir.1987), the "applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates."

An affidavit was submitted by Mark A. Hanley of the firm Thompson, Sizemore & Gonzalez, P.A. attesting to the hourly rate that was charged to these clients. (Docket No. 136). The affidavit submitted by Jacqueline M. Spoto attested to an hourly rate and computation of charges that did not reflect a later increase in hourly rate. (Docket No. 135). The court in *Norman* has emphasized, "satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. at 896 n. 11, 104 S.Ct. at 1547 n. 11). "It should also be noted that in line with the goal of obtaining objectivity, satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits." *Norman* at 1299. Nowhere in Mark A. Hanley's affidavit (Docket No. 136), Jacqueline M. Spoto's affidavit (Docket No. 135), or in Defendant's Notice of Filing Claim for Attorney's Fees and Costs (Docket No. 134) is it noted that the rates in this specific instance are those billed and paid in similar lawsuits.

"The next step in the computation of the lodestar is the ascertainment of reasonable hours. *Hensley* teaches that 'excessive, redundant or otherwise unnecessary hours should be excluded from the amount claimed.'" *Norman* at 1301 (citing *Hensley v. Eckerhart*, 461 U.S. at 434, 103 S.Ct. at 1939–1940). The applicant should exercise "billing judgment." *Hensley v. Eckerhart*, 461 U.S. at 437, 103 S.Ct. at 1941.

This Court ordered, on April 13, 1993, that sanctions were awarded to Defendants' counsel "because counsel of record for these former Defendants is also counsel for the remaining Defendants." (*Sussman v. Salem, Saxon & Nielsen P.A.,* 818 F.Supp. 1510, 1518 (M.D.Fla.1993)). It is noted in Mr. Thomas M. Gonzalez's Notice of Filing (Docket No. 134) that the Defendant Law firm, through the efforts of Ms. Spoto, "primarily drafted the motion and memorandum of law for Rule 11 sanctions." (Docket No. 134 at p. 2). Use of the Defendant's law firm for the preparation of the Rule 11 sanction was the choice of the Defendants, as it was the choice of the Defendants to take "time away from that attorney [Ms. Spoto], which she could have otherwise devoted to the Defendant law firm." (Docket No. 134 at p. 2).

■ In reference to Jacqueline M. Spoto's Affidavit of Attorney Fees, this Court questions the amount of time spent in preparing only one motion and supporting legal memorandum. The comparative hours spent by Ms. Spoto, for one motion, represent approximately one-third of the total amount of hours spent by Defendants' Counsel since the beginning of this action two years ago. A court may not disregard the unchallenged assertions of a party as to its fees. *Cunningham v. City of McKeesport,* 753 F.2d 262, 266–67 (3d Cir.1985), *cert. denied,* 481 U.S. 1049, 107 S.Ct. 2179, 95 L.Ed.2d 836 (1987). However, where the opposing party puts the factual issue of the reasonableness of the fee in dispute, the Court may, as the trier of fact, reject the proffered evidence as to the reasonableness of the fee. *Ranco Industrial Products Corp. v. Dunlap,* 776 F.2d 1135, 1141 (3d Cir.1985).

■ 2. *Minimum necessary to deterrence.* The purpose of a Rule 11 sanction is not to compensate the opposing party for its costs. It is also inappropriate to use Rule 11 sanctions to drive attorneys out of practice. The amount of sanctions is appropriate only when it is the minimum that will adequately serve to deter undesirable behavior. Therefore, the limit of any sanction award is the amount reasonably necessary to deter the wrongdoer. *White,* 908 F.2d at 684–685. This Court believes that a reasonable amount

can be reached which will fulfill Rule 11's purpose to deter ill-founded filings.

■ In Plaintiff's Response to Defendant's Notice of Filing Claim for Attorney Fees and Costs (Docket No. 140), it is asserted that it would be an injustice for the Defendants to reduce their costs by 40% to represent the time and expenses charged to the Defendants since four of the ten original Defendants are still included in the action. Plaintiff does not present any persuasive authority noting this injustice. However, this Court notes that Defendants' counsel did not attempt to isolate fees and costs which were attributed solely to the defense of the former Defendants. Mr. Hanley's affidavit notes a 40% reduction of the total fees and expenses which included a vague entry under expenses for Rule 11 sanctions, and counsel's review of the Rule 11 motion and memorandum of law. In light of an inconsistency, Ms. Spoto's affidavit does not reflect a 40% reduction for her work on the Rule 11 motion or memorandum. The Court recognizes that the defense of all the initial Defendants has been intermingled with the remaining Defendants. As noted in *Gutierrez v. City of Hialeah,* 729 F.Supp. 1329, 1335 (S.D.Fla.1990), any work which benefitted the remaining Defendants should not be considered in any award of attorney fees and costs. Therefore, this Court orders Defendants to submit further affidavits setting forth and explaining a detailed accounting of hours, costs, and purposes of such work.

■ 3. *Ability to pay.* Because the purpose of monetary sanctions is to deter attorney and litigant misconduct, the offender's ability to pay must also be considered. The purpose of Rule 11 sanctions is deterrence. Therefore, sanctions are analogous to punitive damages. Accordingly, the financial condition of the offender is an appropriate consideration in the determination of punitive damages. Annotation, Excessiveness or Inadequacy of Punitive Damages Awarded in Personal Injury or Death Cases, 35 A.L.R. 4th 441, 459–61 (1985); *Cotner v. Hopkins,* 795 F.2d 900, 903 (10th Cir.1986) (considering the financial status of offender in evaluating effect of fine imposed under Rule 11). The

inability to pay, what the court regards as an appropriate sanction, should be regarded as akin to an affirmative defense with the burden placed upon the sanctioned parties to present financial status information. *White*, 908 F.2d at 685. Contrary to Plaintiff's Response to Defendant's Notice (Docket No. 140), Defendants are entitled to sanctions under Rule 11 as previously ordered. It is the concern of this Court that the sanctions are reasonable. As aptly stated by Judge William W. Schwarzer in his commentary of Rule 11: "Of all the duties of the judge, imposing sanctions is perhaps the most unpleasant. A desire to avoid doing so is understandable. But if judges turn from Rule 11 and let it fall into disuse, the message to those inclined to abuse or misuse the litigation process will be clear. Misconduct, once tolerated, will breed more misconduct and those who might seek relief against abuse will instead resort to it in self-defense." Schwarzer, 104 F.R.D. 181 at 205. This Court will not allow Plaintiff's misconduct to go unrecognized.

■ 4. *Other factors.* Lastly, the court may consider the offending party's history, experience, and ability, the severity of the violation, the degree of malice or bad faith which contributed to the violation, the risk of chilling litigation, and additional factors appropriate to individual circumstances. *White*, 908 F.2d at 685; American Bar Association, Standards and Guidelines for Practice Under Rule 11 of the Federal Rules of Civil Procedure (1988), reprinted in 5 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, 212, 236–37 (Supp.1989). This Court reminds Plaintiff, as a member of the Florida Bar, that a party or counsel is not to be penalized for an aggressive litigation posture, but it does not serve the interests of the justice system when claims are asserted which serve nothing but a possible tactical or strategic agenda.

In making its fee determination, a court is not required to "'become enmeshed in a meticulous analysis of every detailed facet of the professional representation.'" *Copeland v. Marshall*, 641 F.2d 880, 903 (D.C.Cir.1980) (quoting *Lindy Brothers Builders v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 116 (3d Cir.1976)). However, a court must make a reasonable effort to examine the requested award to determine its reasonableness. A fee applicant must provide the court with adequate documentation of its claims. The effectiveness of Rule 11 sanctions rests with the District Court Judge, who "in his or her broad discretion, must be able to impose whatever sanctions appear appropriate to combat the expense, inefficiency and backlog which the judicial process suffers because of wrongfully filed complaints and motions. It is the District Court Judge who sits at this bottleneck and who most accurately perceives the harms which rightful litigants suffer because of Rule 11 violations." *Collins v. Walden*, 834 F.2d 961, 965–966 (11th Cir.1987).

For the reasons discussed above, the Court orders the Defendants to submit further affidavits reflecting a detailed accounting of hours, costs, and purposes of work expended in defense of Defendants. Sanctions assessed will be limited to those costs, reasonable attorney fees, and reasonable expenses incurred up until the date of this Court's order, dated March 27, 1992 (Docket No. 18) dismissing this action as to the former Defendants. Sanctions will also include the requirement that Plaintiff compensate Defendants for costs, reasonable attorney fees, and reasonable expenses in preparation and filing of Defendant's Motion to Award Sanctions filed February 18, 1993 (Docket No. 121) and Defendant's Reply to Plaintiff's Motion for Rehearing of Order on Defendant's Motion for Sanctions (Docket No. 142). Accordingly, it is

**ORDERED** that Plaintiff's Motion for Rehearing of Order on Defendant's Motion to Award Sanctions (Docket No. 137), be **denied,** and it is further

**ORDERED** that Defendants resubmit to this Court, within ten (10) days of this order, affidavits accounting all costs, fees, and expenses for which compensation is being claimed pursuant to sanctions ordered herein, and Plaintiff **shall have** five (5) days thereafter to respond.

**DONE AND ORDERED.**