Daniel V. **PRESNICK**

v.

Sabrina **SANTORO** and John Veray.

No. 3:93–CV–883 (JAC).

United States District Court,
D. Connecticut.

Aug. 5, 1993.

Daniel V. Presnick, plaintiff pro se.

Henry S. Cohn, Asst. Atty. Gen., Hartford, CT, for defendant.

## RULING ON MOTION TO DISMISS

JOSÉ A. CABRANES, Chief Judge:

This is an action for damages and injunctive relief against two defendants arising out of the alleged failure of one defendant to file certain documents in connection with plaintiff's appeal from an adverse state court judgment. Pending before the court is defendants' Motion to Dismiss (filed May 17, 1993).

## BACKGROUND

The following facts, which are alleged in the Complaint (filed April 26, 1993) (the "Complaint"), must be accepted as true for purposes of this motion. *Scheuer v. Rhodes,* 416 U.S. 232, 235, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1973). In 1990, plaintiff Daniel Presnick suffered a judgment of legal malpractice in a Connecticut court, from which he attempted to appeal. Because of his delay in paying the requisite filing fees for certain documents necessary to this appeal, the Connecticut Appellate Court entered an order requiring that his appeal be dismissed if certain documents were not properly filed on or before September 7, 1990. On September 1, 1990, six days before the stipulated deadline, he tendered a bank check for the required amount to defendant Santoro, Chief Court Reporter for the Connecticut Superior Court, Judicial District of New Haven. Notwithstanding this payment, and Santoro's alleged assurances to the plaintiff that the requisite paperwork was now in order, the documents were not filed in time, and plaintiff's appeal from the malpractice judgment was dismissed by the Connecticut Appellate Court on September 12, 1993 pursuant to its order establishing the September 7 deadline.[1]

---

1. The Connecticut Practice Book provides that the procedures for filing an appeal from Superior Court to the Appellate Court shall be in most respects the same as those required in appeals from the Appellate to the Supreme Court. Conn. Prac.B. § 2000 ("The practice and procedure for appeals to the appellate court shall conform to the rules of practice governing appeals to the supreme court except where a particular practice or procedure is specified by the rules of the appellate court."). Thus the procedures to which plaintiff refers in the Complaint are those prescribed with respect to state Supreme Court review in § 4019. By these provisions, on or before the filing of such an appeal, appellants may order from the reporter of the Appellate Court "a transcript of the parts of the [prior] proceedings not already on file which the appellant deems necessary for the proper presentation of the appeal." Conn.Prac.B. § 4019(a) (1989). Appellants must pay for this transcript, whereupon the official court reporter is to provide a written acknowledgement of the order, copies of which must also be sent to the chief court administrator and chief clerk of the Supreme Court. *Id.* § 4019(b). Upon the completion of such a transcript, the court reporter "shall prepare a delivery certificate" and forward it to the official court reporter and chief court administrator—to be forwarded by the former to the chief clerk of the Supreme Court. *Id.* § 4010(c). It is not clear from plaintiff's pleadings here exactly

Thereafter, the plaintiff attempted without success to have the appeal reinstated.

The plaintiff now sues for damages against defendant Santoro and for injunctive relief against defendant Veray, the Chief Clerk of the Connecticut Superior Court, Judicial District of New Haven. Though the Complaint and plaintiff's Memorandum of Law (filed May 26, 1993) in opposition to defendants' motion to dismiss are not always clear on these points, plaintiff appears to make the following claims against the defendants: (1) violation of his "property rights" by Santoro; (2) denial of equal protection of the laws by Santoro; (3) negligence by Santoro; (4) "breach of fiduciary obligation" by Santoro; and (5) negligent infliction of emotional distress by Santoro. Plaintiff brings suit in this court pursuant to the provisions of 42 U.S.C. §§ 1983 and 1985(3) and pursuant to state law.

Plaintiff claims to proceed against defendant Santoro in both her official and personal capacities for both compensatory and punitive damages. Plaintiff sues defendant Veray in his official capacity only, and asks for injunctive relief "to prevent the court from enforcing its putative judgment" dismissing his appeal.[2] Plaintiff also asks for declaratory relief in the form of a judgment that the provisions of Connecticut Practice Book Section 4019(b)[3] be found unconstitutional as applied to him.[4] Furthermore, plaintiff appears to request that Ralph and Rita Esposito, individuals apparently represented by the plaintiff in the earlier incident giving rise to the malpractice judgment, be joined in this case under Fed.R.Civ.P. 19.[5] Defendants have asked that all claims against them be dismissed for lack of subject matter jurisdiction, see Fed.R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief can be granted, see Fed.R.Civ.P. 12(b)(6).

## DISCUSSION

In assessing the sufficiency of the Complaint for purposes of a motion to dismiss, we must "follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Yale Auto Parts v. Johnson*, 758 F.2d 54, 58 (2d Cir.1985). All well-pleaded factual allegations set forth by the plaintiff must be taken as true. *Miree v. DeKalb County*, 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492 n. 2, 53 L.Ed.2d 557 (1977). Inferences based upon these allegations shall be drawn in the light most favorable to the plaintiff. *Scheuer*, 416 U.S. at 235, 94 S.Ct. at 1686; *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991).

In this case, because plaintiff appears *pro se*, it is arguable that the court ought to be forgiving in assessing the merits of his complaint as pleaded, in keeping with the general practice of "reading the complaint with the generosity required in *pro se* civil rights actions." *Johnson v. Glick*, 481 F.2d 1028, 1034 (2d Cir.1973) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594,

---

which part of this procedure—as adapted pursuant to § 2000 to appeals from the Superior Court—was improperly followed by defendant Santoro. Plaintiff's constitutional challenge to § 4019(b) and his numerous references to the "certifications" that were to be filed with the Chief Court Reporter, however, indicate his belief that Santoro's alleged negligence occurred in connection with the court reporter's written acknowledgement of the receipt of plaintiff's order for transcript excerpts. Complaint, at 2–3, ¶¶ 8–14; *see also infra* note 3. Which precise section of the Practice Book was allegedly violated, however, has no bearing upon the outcome of this motion to dismiss.

**2.** Complaint at 5.

**3.** Plaintiff refers throughout to Connecticut Practice Book "Rule 4019(b)." Since the Practice Book proceeds by sections rather than by "Rules" as do the Federal Rules of Civil Procedure, "Rule 4019(b)" is herein assumed to mean "Section 4019(b)," which is one of the provisions of Chapter 61 of the Practice Book ("Filing the Appeal"). Conn.Prac.B. §§ 4009–4019 (1989). The Practice Book refers to "Rules" in its enumerated provisions only with respect to the "Rules of Professional Conduct," of which the last is "Rule 8.5" concerning Connecticut disciplinary authority over a lawyer even though he or she may be engaged in practice elsewhere.

**4.** *See, e.g.*, Complaint at 4, ¶ 21.

**5.** *Id.*, at 2, ¶ 4.

595–96, 30 L.Ed.2d 652 (1972)), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). Because he has been trained in the law and practiced law for some years in this state, plaintiff may not in fact be due as much of the court's "generosity" as is appropriate for *pro se* litigants who do not have such experience.[6] Nevertheless, for the purposes of evaluating the Complaint, this court will take plaintiff's factual pleadings as if proven and construe "generous[ly]" and favorably to him any lack of clarity.

This case presents four basic sets of questions: (1) whether Santoro can be held liable in her official capacity under any of the claims made against her; (2) whether Santoro can be held liable in her personal capacity under any of the claims made against her; (3) whether injunctive relief is appropriate against Veray; and (4) whether Connecticut Practice Book Section 4019(b) may be declared unconstitutional "as applied" to the plaintiff. Two further questions arising out of plaintiff's pleadings may also have to be answered: (5) whether Ralph and Rita Esposito should be joined as parties to this dispute; and (6) whether plaintiff, should he prevail on any of his claims, may be awarded attorney's fees. These questions will be addressed in turn.

I. *Official–Capacity Claims Against Defendant Santoro*

■ Plaintiff seeks to sue Santoro for compensatory and punitive damages in her individual and official capacities. The official-capacity claim is clearly impermissible. A damage claim under 42 U.S.C. § 1983 against Santoro in her official capacity as a court reporter would clearly be paid out of the treasury of the state of Connecticut, making it in reality a damage claim against the state.

> [T]he nature of a suit as one against the state is to be determined by the essential nature and effect of the proceeding.... And when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.

*Ford Motor Co. v. Dept. of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945) (citations omitted). *See also Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) ("[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the [state] entity").

■ Under the Eleventh Amendment, a state will be presumed to be immunized from such damage claims unless (a) the state has consented thereto or (b) Congress has acted "unequivocally" to make the state so liable. *See Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 425–26, 88 L.Ed.2d 371 (1985). *See also Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 239, 105 S.Ct. 3142, 3146, 87 L.Ed.2d 171 (1985) (state waiver of own immunity or waiver by Congress only where such intent is clear by the most express language or by such overwhelming implication that there is no room for any other reasonable construction). Congress clearly has never authorized damage actions against states for the actions of state court officials, nor has Connecticut ever waived its immunities in this regard. Accordingly, the official-capacity damage suit against Santoro is plainly barred by the Eleventh Amendment.

**6.** In fact, given the admission in the complaint that the verdict from which plaintiff sought to appeal in the Connecticut Appellate Court was one finding legal malpractice, plaintiff's present status within the legal profession is unclear from the pleadings. Plaintiff may have been disbarred, or perhaps only suspended; the pleadings do not elaborate. *Cf. Statewide Grievance Committee v. Presnick,* 216 Conn. 127, 577 A.2d 1054 (1990) (upholding lower court suspension of Presnick arising out of misconduct suit); *Statewide Grievance Committee v. Presnick,* 215 Conn. 162, 575 A.2d 210 (1990) (finding no defects in grievance procedure resulting in suspension of Presnick); *In the Matter of Daniel V. Presnick,* 213 Conn. 801, 567 A.2d 833 (1989) (denying certification of appeal from suspension of Presnick due to failure to obey court order); *In the Matter of Daniel V. Presnick,* 19 Conn.App. 340, 563 A.2d 299 (1989) (finding no error in suspension of Presnick for disobedience of court order). As explained below, however, *infra* notes 20–21, plaintiff's legal status is irrelevant for purposes of this motion to dismiss.

## II. Personal–Capacity Claims Against Santoro

Plaintiff makes three sets of personal-capacity claims against Santoro: (a) under 42 U.S.C. § 1985(3); (b) under 42 U.S.C. § 1983; and (c) under Connecticut law for negligence, breach of fiduciary obligation and negligent infliction of emotional distress.

### A. Section 1985(3) Claim Against Santoro

■ Plaintiff advances claims under 42 U.S.C. § 1985(3) against Santoro[7] which, even construed with "generosity," have no merit. Section 1985, by its express terms, deals only with conspiracies by "two or more persons" to deprive "a person or class or persons of the equal protection of the laws, or of equal privileges and immunities under the laws...." 42 U.S.C. § 1985(3). No such conspiracy is alleged or even hinted at here. Santoro is said to have failed to file certain court papers in a timely fashion, but nothing in the Complaint can be construed to suggest some wilful conspiracy among court officials to injure the plaintiff. The only other person named in the complaint, Veray, is not alleged to have violated any right of the plaintiff's, and apparently is included in the Complaint only for purposes of requesting "injunctive relief" to prevent the Connecticut courts from enforcing its "putative judgment" against the plaintiff. Nothing indicates either that Veray had any causal connection with the failure of the malpractice appeal or that he in any way could be said to have "conspired" with Santoro in this regard.

■ Section 1985, moreover, was not intended to apply to all tortious interferences with the rights of others, but only to those which are founded upon some class- or racially-based invidious intent to discriminate. *Griffin v. Breckenridge*, 403 U.S. 88, 101–02, 91 S.Ct. 1790, 1797–98, 29 L.Ed.2d 338 (1971). Section 1985(3) may only be invoked where there is "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action." *Id.* at 102, 91 S.Ct. at 1798. *See also Keating v.*

*Carey* 706 F.2d 377, 386 (2d Cir.1983) (noting that, in contrast to § 1985(3), § 1985(2) does not require "class-based discrimination"). No such category or "class" is involved here: there is no suggestion that plaintiff has suffered discrimination by virtue of his membership in some discrete and insular minority. *Cf. United States v. Carolene Products Co.*, 304 U.S. 144, 152–53 n. 4, 58 S.Ct. 778, 783 n. 4 (1938) (suggesting for the first time the possibility that "prejudice against discrete and insular minorities" might have to be "subjected to more exacting judicial scrutiny under the general prohibitions of the Fourteenth Amendment than are most other types of legislation").

### B. Section 1983 Claims Against Defendant Santoro

■ The plaintiff brings a claim for damages against Santoro in her personal capacity pursuant to 42 U.S.C. § 1983. Reading the complaint as generously as befits the work of a *pro se* litigant,[8] the court finds that the plaintiff has adequately alleged facts which, if proven, would support a § 1983 damage suit against defendant Santoro in her personal capacity. First, the plaintiff has adequately alleged that Santoro, when she allegedly failed to file plaintiff's appeal certifications, was acting "under color" of state law within the meaning of 42 U.S.C. § 1983. The power she exercised to file (or to fail to file) such documents was power exercised by virtue of state law and made possible only because she was "clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1961). A public employee acts under color of state law "while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 50, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988).

■ It is well-established that negligence is not an adequate ground for § 1983 civil rights relief. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662

---

7. Complaint at 3, ¶ 19.

8. As noted previously, the law-trained plaintiff may not in fact be due such generosity. *See* text at note 6, *supra*.

(1986) (simple negligence of prison employee in leaving pillow on stairwell not found sufficient to support a prisoner's § 1983 due process suit for injuries sustained as a result). A plaintiff must show that the defendant "deprived" him of life, liberty or property through deliberate intent, or arguably through "gross negligence." *Dodd v. City of Norwich,* 827 F.2d 1, 3 (2d Cir.1987).[9] Lack of due care is not enough: a "pure accident" will not qualify, since negligence "has been explicitly rejected as a basis for liability under the fourteenth amendment." *Id.* at 8.

◼ To be sure, the thrust of plaintiff's argument seems to revolve around Santoro's alleged negligence. The Complaint, however, also seems to allege in the alternative that Santoro's actions were "wilful."[10] This allegation satisfies the liberal pleading standards of the modern Federal Rules of Civil Procedure. Under Fed.R.Civ.P. 8(a), claims for relief are required, in this respect, to contain merely "a short and plain statement of the claim showing that the pleader is entitled to relief." The details to substantiate these claims is to be developed primarily through the subsequent discovery process, in which parties may obtain information "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Fed.R.Civ.P. 26(b)(1). A motion to dismiss should be denied if the complaint states grounds for relief for which *some* set of facts could be proven which would entitle the plaintiff to relief. *Conley,* 355 U.S. at 46.

Mindful of these standards, this court is persuaded that should plaintiff be able to prove that Santoro's alleged failure to file the documents was a deliberate one, he would be able to prevail in a personal-capacity damage suit against her. Accordingly, the plaintiff

has adequately alleged both federal subject matter jurisdiction and grounds for potential relief. Thus, in this respect, at least, defendants' motion to dismiss cannot be granted.

## C. *State Law Claims Against Santoro*

◼ Plaintiff has advanced a number of additional claims against defendant Santoro, apparently under Connecticut law, including breach of fiduciary obligation and negligence. Under 28 U.S.C. § 1367,

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution....

28 U.S.C. § 1367(a). District courts may decline to exercise such supplemental jurisdiction, however, if (1) the claim raises a "novel or complex issue of State law," (2) if it "substantially predominates over the claim or claims over which the district court has original jurisdiction," (3) if the district court has dismissed all claims over which it has original jurisdiction, or (4) if, in "exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Defendants have moved for the dismissal of the entire Complaint[11]—not just plaintiff's federal claims—but nowhere in their memorandum do they suggest reasons why the state law claims should be dismissed as well. Defendants may be suggesting that were plaintiff's federal claims to be dismissed in their entirety, this court should, under 28 U.S.C. § 1367(c)(3), decline to exercise sup-

---

9. As our Court of Appeals noted in *Dodd,* the Supreme Court appears not to have addressed whether or not gross negligence can support a § 1983 claim. *Id.* at 3. Holding that it can support such a claim would be consistent with the line of cases in this Circuit involving official suits against municipalities under *Monell v. Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which distinguish between immunized simple negligence by city authorities and actionable "gross negligence" or "deliberate indifference." *See e.g., O'Neill v.*

*Krzeminski,* 839 F.2d 9, 11 n. 1 (2d Cir.1988); *Dodd,* 827 F.2d at 3; *Owens v. Haas,* 601 F.2d 1242, 1246 (2d Cir.1979); *Schramm v. Krischell,* 84 F.R.D. 294, 298 (D.Conn.1979).

10. Complaint at 4–5, ¶ 23–24 & 29.

11. "Defendants hereby move to dismiss the complaint in this action...." Defendants' Motion to Dismiss (filed May 17, 1993) at 1.

plemental jurisdiction over these state claims.[12]

Because plaintiff's claim against Santoro under 42 U.S.C. § 1983 survives this motion to dismiss, however, dismissal of plaintiff's state law claims is not necessarily appropriate at this time. Since defendants have provided no reason to believe otherwise, this court will for these purposes, and without prejudice to a later application that is fully briefed, assume that the unbriefed state law claims are not remote from or unconnected with the § 1983 claim that survives, *Young v. New York City Transit Authority*, 903 F.2d 146, 164 (2d Cir.1990), but rather "derive from a common nucleus of operative fact" and are such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Thus this court retains jurisdiction over these state law claims under 28 U.S.C. § 1367, and cannot, in this respect, grant defendants' motion to dismiss.

### III. *Injunctive Relief Against Veray*

Plaintiff requests that this court enjoin Veray, Chief Clerk of the Connecticut Superior Court at New Haven, "to prevent the [Superior] [C]ourt from enforcing its putative judgment." [13] Plaintiff apparently asks this court either to review the decision of the Connecticut Superior Court or to force the Connecticut Appellate Court to hear his appeal. In either case, plaintiff asks this court to review a state court judgment for error.

 First, this court has no jurisdiction to review decisions of the Connecticut state courts. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1314–15, 75 L.Ed.2d 206 (1983) (holding that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings"); *see also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362

(1923) ("[N]o court of the United States other than [the Supreme] Court could entertain a proceeding to reverse or modify the judgment [of a state court].... To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original."). The decision against plaintiff in the appealed malpractice action was entered by the Connecticut trial court and unquestionably qualifies as a state court "judgment" immunized from review in this court. Accordingly, this court has no jurisdiction over the decision in the malpractice action, even if that decision were unconstitutional.

 Second, there is no basis in this case for taking the extraordinary step of issuing an injunction to require a state court to hear an appeal. The principles of what Justice Black called "Our Federalism" prescribe that the national government, "anxious though it may be to vindicate and protect federal rights and federal interests, always endeavor[] to do so in ways that will not unduly interfere with the legitimate activities of the States." *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). Consequently, "the normal thing to to ... is not to issue such injunctions." *Id.* at 45, 91 S.Ct. at 751.

 It is true, of course, that a federal court may issue an injunction against a state official to prevent an ongoing harm, notwithstanding the general rule against federal interference in state activities. *See Ex parte Young*, 209 U.S. 123, 163, 28 S.Ct. 441, 455, 52 L.Ed. 714 (1908). This court finds, however, that the injury alleged here is not "the type of continuing violation for which a remedy may permissibly be fashioned under *Young*." *Papasan v. Allain*, 478 U.S. 265, 282, 106 S.Ct. 2932, 2942, 92 L.Ed.2d 209 (1986). The alleged violation of rights here was a singular, arguably unique one: defendant Santoro's negligence in failing to file plaintiff's certifications with the court.

---

**12.** 28 U.S.C. § 1367 codified earlier doctrines that recognized the discretionary power of a district court to hear pendent claims even after the dismissal of federal claims. *See Perkins v. City of Philadelphia,* 766 F.Supp. 313, 317–18 (E.D.Pa.

1991). *Cf. United Mine Workers v. Gibbs,* 383 U.S. 715, 725–26, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966).

**13.** Complaint at 5.

Nothing has been alleged here that would prevent the plaintiff from appealing the order dismissing his appeal by certification to the Connecticut Supreme Court pursuant to Conn.Gen.Stat. § 51–197f, or, thereafter, to the United States Supreme Court itself. Nor, for example, does anything appear to bar him from pursuing his tort claims against defendant Santoro in state court or as supplemental state law claims in a federal forum.[14] Even the alleged "unconstitutionality" of Connecticut Practice Book Section 4019(b) is asserted only with regard to the extremely narrow facts of plaintiff's present circumstances. Consequently, no potential plaintiffs will be deterred by the failure of plaintiff's prayer for injunctive relief. No continuing wrong, in fact, can be said to exist. For these reasons, the claim for injunctive relief against the plaintiff must be dismissed.[15]

## IV. *Unconstitutionality of Prac. B. Section 4019(b) "As Applied"*

■ Plaintiff seeks declaratory relief, in the form of a judgment that Connecticut Practice Book Section 4019(b) is unconstitutional as it applies to his case.[16] He advances, however, no reasons why this must be so. Plaintiff's injury arises out of Santo-

ro's alleged failure to file papers within a deadline set by the Connecticut Appellate Court. Section 4019(b) is the state rule that requires the official court reporter to file acknowledgement of an appellant's order of transcript materials in connection with an appeal filed with the Connecticut Supreme Court. Conn.Prac.B. § 4019(b) (1989). Section 4019(b) does not injure plaintiff in any fashion. Rather, defendant Santoro's alleged negligence is said to have resulted in plaintiff's appeal being untimely. By plaintiff's own account, had Santoro properly fulfilled her duties, no injury would have resulted: the nexus of the injury lies in the defendant's actions, allegedly in violation of the policy and practice of the Clerk's Office, and in no way with the Rule itself.

This raises no constitutional issue. While the plaintiff may be able to recover against the allegedly negligent defendant, the facts as alleged by the plaintiff cannot support a finding that Section 4019(b) is unconstitutional.

## V. *Joinder of the Espositos*

■ Plaintiff asks for the joinder of Ralph and Rita Esposito as "persons who

---

**14.** *See* Section II.C, *supra.*

**15.** Nor, even were injunctive relief somehow appropriate in this case, would Veray be a proper party defendant. Plaintiff asserts his power to enjoin Veray because, as chief clerk of the Judicial District of New Haven, "it is [defendant's] responsibility to see that executions are issued." Plaintiff's Memorandum (filed May 26, 1993), at 2 n. 1. It may indeed be Veray's duty within the Connecticut court formally to file or distribute orders of the court. This does not mean, however, that these judgments are "issued" by Veray. They are issued by the court, for which he merely functions as administrative agent. *Cf. Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 814–15 (10th Cir.1981) (holding that the plaintiff incorrectly named the clerk of the court as defendant; the proper defendant was the court itself). Moreover, Veray is unconnected with the actual "enforcement" of court judgments, "putative" or otherwise. *See Ex parte Young*, 209 U.S. at 157, 28 S.Ct. at 453 (defendant state officer must "have some connection with the enforcement of the act").

**16.** The defendants argue that this claim should be dismissed because the plaintiff never raised it

in the state court proceedings. Defendants' Memorandum (filed May 17, 1993) at 10. It is clear, however, that exhaustion is not required as a matter of law. *See Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 481–82, 5 L.Ed.2d 492 (1961) (exhaustion of state judicial remedies not required). Even so, it may be worth noting that plaintiff had available to him avenues through which he could have sought review of the decisions of the Connecticut Appellate Court without demanding that this court attempt to exercise its jurisdiction over the Connecticut courts. Connecticut law, for example, provides that

> [u]pon final determination of any appeal by the appellate court, there shall be no right to further review except the supreme court shall have the power to certify cases for its review upon petition by an aggrieved party or by the appellate panel which heard the matter....

Conn.Gen.Stat. § 51–197f. The Appellate Court's apparent refusal to reinstate plaintiff's appeal could have been reviewed by the Connecticut Supreme Court had the plaintiff applied for certification pursuant to § 51–197f, and by the United States Supreme Court after a final judgment from the state's highest court.

have a special interest in this litigation." [17] Joinder of persons deemed necessary "for just adjudication" is covered by Fed.R.Civ.P. 19(a), which provides in pertinent part that

[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed ·interest.

On the facts of the Complaint, however, there is nothing to indicate that Ralph and Rita Esposito should be joined as parties plaintiff in this action.

Plaintiff apparently represented the Espositos in the 1981 custody dispute which gave rise to the malpractice judgment against him.[18] Apart from this indeterminate reference, however, there is no factual allegation in the Complaint which would support the argument that (1) plaintiff cannot obtain relief by virtue of their absence, or (2) the Espositos have any interest that would in any way be impaired or endangered by this court proceeding without them. Giving plaintiff the benefit of every doubt in the reading of the Complaint, this court can discern no interest of the Espositos in the case at bar—apart, perhaps, from curiosity acquired by virtue of their past association with plaintiff's ill-fated law practice. This, certainly, cannot qualify them for joinder under Rule 19(a)(1) or (a)(2).

## VI. *Plaintiff's Claim for Attorney's Fees*

▌ Plaintiff requests an award of attorney's fees, pursuant to 42 U.S.C. § 1988, against Santoro. It is well established that *pro se* litigants may not claim attorney's fees, even if they are lawyers. The Civil Rights Attorney's Fees Awards Act, 42 U.S.C. § 1988, has clearly been held to bar fee awards to *pro se* litigants who are not lawyers. *Kay v. Ehrler,* 499 U.S. 432, 434–35, 111 S.Ct. 1435, 1436, 113 L.Ed.2d 486 (1991) ("The Circuits are in agreement ... on the proposition that a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees."). Neither the express text of § 1988 nor its legislative history clearly shows an intent to preclude fee awards to prevailing *pro se* litigants who are also lawyers, but the Supreme Court has determined that *pro se* lawyer-litigants must be refused awards of attorney's fees, lest incentives be created to suffer the disadvantages of self-representation in hope of receiving additional personal rewards in the event of victory. *Id.* 499 U.S. at 435–38, 111 S.Ct. at 1437–38.

In the present case, the plaintiff,. though once a lawyer, might perhaps no longer be able to practice law in Connecticut.[19] Thus, despite his legal training, he might conceivably fall under the even older, unchallenged rule that prevailing non-lawyer *pro se* litigants may not claim attorney's fees in actions like the one at bar.[20] In sum, whatever plaintiff's current legal status, it is clear that if he were to prevail on any of the claims advanced by the complaint, no award of attorney's fees would be appropriate.[21] Were

17. Complaint at 2, ¶ 4.

18. *See* Complaint at 2, ¶¶ 4–6.

19. *See* Complaint at 2, ¶ 7, and *supra* note 6.

20. Though plaintiff's legal training might prevent the court from giving him all of the leniency usually afforded *pro se* litigants, this court has, in fact, afforded him this "generosity" for these purposes. *See* text at note 6, *supra,* and *infra* note 21.

21. As a fact outside the allegations of the complaint, plaintiff's status before the Connecticut

bar may not be considered in evaluating a motion to dismiss without converting the motion into one for summary judgment. Fed.R.Civ.P. 12(b) ("If, on a motion asserting ... failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56...."). *See also Kennedy v. Empire Blue Cross & Blue Shield,* 989 F.2d 588, 592 (2d Cir.1993) (consideration of facts outside the pleadings entails converting a motion to dismiss to a motion

plaintiff to prevail on no issues at trial, of course, a fee award would be improper regardless of his represented or *pro se* status.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (filed May 17, 1993) is hereby GRANTED with respect to (1) the official capacity damages claim against Santoro, (2) the § 1983(5) claim against Santoro, (3) the claim for injunctive relief against defendant Veray, and (4) the claim for declaratory relief to find Connecticut Practice Book Section 4019(b) unconstitutional "as applied." Additionally, (5) should plaintiff prevail in any of his personal-capacity federal or state claims against defendant Santoro, he shall not be entitled to an award of attorney's fees under 42 U.S.C. § 1988; (6) the request for joinder of Ralph and Rita Esposito apparently advanced by the plaintiff is similarly DENIED.

Defendants' motion to dismiss, however, is hereby DENIED with respect to (1) the personal capacity § 1983 claim against Santoro, and, without prejudice, (2) the as-yet-unbriefed state law claims against Santoro.

It is so ordered.

for summary judgment). This court notes this matter here simply to make it clear that regardless of plaintiff's present status as a legal practitioner, he has no claim to attorney's fees. Plaintiff's status in this regard is thus entirely irrelevant to the matter at hand, and has not been considered in any way in ruling upon this motion.