**Donald R. JERMOSEN, Plaintiff,**

v.

**Harold J. SMITH, Thomas A. Coughlin, III, D. DiBello, G.D. Shrier, P. Stringham, A. Lippold, J. Bank, P.L. Pawlowski, and Charles James, Defendants.**

**No. CIV–82–287E.**

United States District Court, W.D. New York.

March 28, 1990.

Eric M. Shelton, Buffalo, N.Y., for plaintiff.

Patrick McCormack, Asst. Atty. Gen., Buffalo, N.Y., for defendants.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

The plaintiff has noticed an appeal from this Court's Order dated October 10, 1989 [1] and seeks leave of this Court to proceed *in forma pauperis* before the appellate court. Additionally, his attorney, who had been granted the right to receive attorney's fees for his representation at trial—Order, dated October 10, 1989—has submitted an affidavit in detailing his reasonable fees and costs. *See* Affidavit of Eric M. Shelton, Esq. (sworn to December 13, 1989). Submitted therewith is the plaintiff's affidavit in support of reimbursement for expenditures and fees for himself entailed in prosecuting this matter *pro se* prior to trial. (Exhibit B to Shelton Affidavit.)

■ The plaintiff currently enjoys *in forma pauperis* status before this Court. Therefore, no further authorization is required from this Court for him to retain such status on appeal. Fed.R.App.P. rule 24(a).

As for his attorney's request for fees, he attests to have worked 105.8 hours reasonably valued at a rate of $100 per hour for a

---

**1.** This Court's Memorandum of November 24, 1989 sets forth the rationale for said Order.

total of $10,580. The attorney worked on the case from December 19, 1982 through December 7, 1989, having prosecuted a trial and a successful motion for judgment n.o.v. Viewing his requests line by line, none seems excessive.

■ However, whether reasonable in amount or not, an award of fees for work expended by persons appearing *pro se* is inappropriate under 42 U.S.C. § 1988. *Gonzalez v. Kangas,* 814 F.2d 1411 (9th Cir.1987); *Turman v. Tuttle,* 711 F.2d 148 (10th Cir.1983); *Pitts v. Vaughn,* 679 F.2d 311 (3rd Cir.1982); *Cofield v. City of Atlanta,* 648 F.2d 986 (5th Cir.1981). As to costs expended by plaintiff he has submitted an affidavit in support thereof. See exhibit B to Shelton Affidavit. Therein the plaintiff requests photocopying of 10¢ per page for 992 pages, 6¢ per page for 731 pages, $15 for paper and postage in the amount $60. While one easily may quibble concerning the reasonability of, the necessity for and the lack of particularization of this claim by the plaintiff himself for reimbursement of expended costs, it is noteworthy that no affidavit or memorandum in opposition has been submitted by or on behalf of defendant Lippold. The requests for reimbursement, except for the item of postage, are facially reasonable and will be granted insofar as concerns the cost of paper and the two items of xerographing.

Accordingly, it is hereby ORDERED that the plaintiff's motion for *in forma pauperis* status on appeal is denied as moot, that Eric M. Shelton, Esq. is awarded attorney's fees in the amount of $10,580, that the plaintiff's motion for fees for his own legal work is denied and that the plaintiff is to be reimbursed but only in the amount of $158.06.