Thomas L. BAASCH, Plaintiff,

v.

Edward M. REYER and Demchak Liquors, Inc., A.K.A. Michaels Liquors and Michael Fandrey and James Lydon (or John Doe), and Town of Riverhead (as defendant and/or respondeat superior), Defendants.

No. CV 90–4356.

United States District Court, E.D. New York.

March 8, 1994.

Thomas L. Baasch, pro se.

Kroll & Tract by Stanley E. Orzechowski, Mineola, NY, for defendants Reyer and Demchak Liquors, Inc.

Michael T. Clifford & Associates, Inc. by William Farrell, Riverhead, NY, for defendant Town of Riverhead.

WEXLER, District Judge.

Thomas L. Baasch, plaintiff *pro se* in the above-referenced civil rights case, brought suit against Edward M. Reyer ("Reyer") and Demchak Liquors ("Demchak"), Inc. a/k/a/ Michael's Liquors, alleging that these defendants conspired with certain police officers to deprive Baasch of his constitutional rights.[1] After trial, this Court granted defendants' motion for a directed verdict, on the ground that Baasch had presented no evidence whatsoever to support his allegation that the private defendants entered into a conspiracy with the police officer defendants. Accordingly, all claims against Reyer and Demchak were dismissed.

Additionally, this Court *sua sponte* scheduled a hearing to determine whether sanctions should be imposed on Baasch for instituting this litigation. At the sanctions hearing, this Court found that the instant litigation was frivolous. However, out of consideration for Baasch's *pro se* status, this Court declined to impose sanctions on Baasch and chose instead to warn him against bringing such litigation in the future.

Despite this Court's admonition, Baasch subsequently moved for a new trial pursuant to Rule 59 of the Federal Rules of Civil procedure. This Court denied that motion and imposed Rule 11 sanctions against Baasch for bringing that frivolous motion. Presently before the Court is Reyer's and Demchak's motion for attorney's fees pursuant to 42 U.S.C. § 1988. These prevailing defendants have expended a total of $44,-420.33 defending this litigation and now seek an order from this Court awarding them these fees.

■ A district court may award attorney's fees to a prevailing defendant in a civil rights case, "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (standard for awarding attorney's fees to prevailing defen-

---

1. The facts of this case were recounted in a memorandum and order dated August 10, 1993, 827 F.Supp. 940, and will not be repeated here.

dant under Title VII). *See also Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (applying *Christiansburg* standard to civil rights cases); 42 U.S.C. § 1988 ("in any action or proceeding to enforce [civil rights provisions] . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.").

■ This Court is sympathetic to defendants' position. They have been forced to expend a considerable sum of money to defend a case that should never have been brought in the first instance. As noted, this Court previously determined that this litigation was frivolous from the outset. Additionally, even after defendants repeatedly requested that Baasch discontinue this baseless action, pointing out to him that his position was untenable, he refused to do so. Moreover, as evidenced by his Rule 59 motion, it is clear to this Court that Baasch will not refrain from bringing frivolous actions without the threat of monetary penalty.[2] Consequently, this Court finds that an award of attorney's fees is justified.

■ Defendants seek $44,420.33 in attorney's fees. However, given plaintiffs financial status, this Court believes that an award of $1,000.00 will sufficiently deter Baasch from bringing frivolous lawsuits in the future. *See Faraci v. Hickey–Freeman Co., Inc.*, 607 F.2d 1025, 1028–29 (2d Cir.1979) (financial status and vindictiveness relevant factors when determining attorney's fees award); *Friedgood v. Axelrod*, 593 F.Supp. 395, 397 (S.D.N.Y.1984).

### CONCLUSION

For the above-stated reasons, defendants are awarded attorney's fees in the amount of $1,000.00.

SO ORDERED.

---

2. This is not the only frivolous action instituted by Baasch. At trial, defendants submitted evidence of Baasch's filings and attempted filings of frivolous criminal cross complaints against arresting officers and civilian complaining witnesses. It seems that Baasch employs this tactic as a means to compel complaining witnesses to drop their criminal charges against him.