**Claudious CHANNER, Plaintiff–Appellant,**

v.

**Clyde MITCHELL, Detective, I/O, James Howard, Detective, I/O, James F. Looby, Inspector, I/O, City of Hartford, Defendants–Appellees.**

**No. 445, Docket 94–2114.**

United States Court of Appeals,
Second Circuit.

Submitted Nov. 25, 1994.

Decided Dec. 29, 1994.

Claudious Channer, pro se plaintiff-appellant.

Michael J. Gustafson, Halloran & Sage, Hartford, CT, for defendants-appellees Clyde Mitchell, James Howard, City of Hartford.

Madeline A. Melchionne, Asst. Atty. Gen., of Connecticut, Hartford, CT (Richard Blu-

menthal, Atty. Gen., of Connecticut, Hartford, CT, of counsel), for defendant-appellee James Looby.

Before: McLAUGHLIN, JACOBS, and CALABRESI, Circuit Judges.

PER CURIAM:

Claudious Channer was brought to Connecticut as a federal prisoner to stand trial in state court for robbery and conspiracy to commit robbery. He was sentenced to 20 years' imprisonment, and is currently serving that sentence.

Following his state conviction, Channer, *pro se* and *in forma pauperis*, sued three police officials and the City of Hartford in the United States District Court for the District of Connecticut (Alan H. Nevas, *Judge*) pursuant to 42 U.S.C. §§ 1983, 1985(3), 1986. In his complaint, Channer raised various federal constitutional challenges to the state court proceedings, two of which we address briefly.

First, Channer alleged that Clyde Mitchell and James Howard, both police officers in Hartford, Connecticut, committed numerous acts of perjury and coerced witnesses to wrongfully identify him. Even though these allegations, if proven, would have rendered Channer's conviction invalid, Channer never sought to reverse his conviction or to obtain his release from custody. Instead, he sought $1,005,000 in damages from each officer.

Second, Channer alleged that James Looby, an investigator for the Connecticut State Attorney's Office, violated his Eighth Amendment right against cruel and unusual punishment by requiring him to spend two evenings in a holding cell that lacked any "civilize[d] bed linen," "bed pillow to rest on," or any "comfortable [place] to take a rest for the night." Again, Channer sought damages of $1,005,000 from the officer.

The district court found that, although Channer framed his complaint against Mitchell and Howard as a § 1983 action, the essence of his claim was an attack on the validity of his conviction. *See Channer v. Mitchell,* No. 3:93CV00909 (D.Conn. Feb. 3, 1994). The court noted that the proper method for challenging a state conviction is a petition for a writ of habeas corpus, with its accompanying exhaustion requirement. Since Channer offered no evidence that he had exhausted state remedies, the district court dismissed the complaint. The court did not address Channer's Eighth Amendment claim against Looby at all.

The district court relied on *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). In *Preiser,* the Supreme Court held that habeas corpus—not a § 1983 action—provides the sole federal remedy where a state prisoner challenges the fact or duration of his imprisonment and seeks immediate or early release. *Id.* at 488–90, 93 S.Ct. at 1835–37. Because the Supreme Court specifically limited the holding in *Preiser* to cases where *equitable* relief is sought, the district court also relied on cases from other circuits that extend *Preiser* to situations (like the present one) where a prisoner's § 1983 suit for *damages* would require a federal court to rule on the validity of a state criminal conviction.

After the district court issued its decision, the Supreme Court definitively resolved the issue:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey,* —— U.S. ——, ——, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994) (footnote omitted).

 Channer offered no proof that his conviction had been independently invalidated. His complaint against Mitchell and Howard was therefore properly dismissed. We note, however, that Fed.R.Civ.P. 12(b)(6)—

not the exhaustion doctrine—provides the ground for dismissal. *See Heck*, —— U.S. at ——, 114 S.Ct. at 2373 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.").

■ Channer's Eighth Amendment claim against Looby, on the other hand, does not call into question the validity of his state conviction. *Heck* makes clear that such actions should generally be permitted to go forward: "[I]f the district court determines that the plaintiff's [§ 1983] action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, —— U.S. at ——–——, 114 S.Ct. at 2372–73 (footnotes omitted).

■ It is well-settled that a cause of action exists under § 1983 for damages stemming from conditions of confinement that allegedly violate the Eighth Amendment; there is no *per se* bar to such a suit. *See, e.g., Hudson v. McMillian*, 503 U.S. 1, ——–——, 112 S.Ct. 995, 999–1000, 117 L.Ed.2d 156 (1992); *Wilson v. Seiter*, 501 U.S. 294, 301–03, 307–09, 111 S.Ct. 2321, 2326, 2329, 115 L.Ed.2d 271 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). Accordingly, we remand so that the district court may determine whether Channer has sufficiently alleged that: (1) he was denied " 'the minimal civilized measure of life's necessities,' " *Wilson*, 501 U.S. at 298–99, 111 S.Ct. at 2324 (quoting *Rhodes*, 452 U.S. at 347, 101 S.Ct. at 2399) ("objective component"); and (2) defendants acted with "deliberate indifference" to his needs. *Wilson*, 501 U.S. at 303, 111 S.Ct. at 2326–27 ("subjective component").

AFFIRMED in part, REMANDED in part.