**James DILL, a/k/a Edward Dill, and Daniel P. Dill, Plaintiffs,**

v.

**VILLAGE OF GOWANDA, et al., Defendants.**

**No. 95–CV–409S.**

United States District Court, W.D. New York.

Jan. 21, 1997.

## ORDER

SKRETNY, District Judge.

Whereas this Court, by its Order dated June 30, 1995, referred the above-captioned case to the Hon. Carol E. Heckman, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(A), and

Whereas Defendants Village of Gowanda, Village of Gowanda Police Department, Donald Lazar, S. Castellano, and J. Rupp filed Motions for Summary Judgment and Defendant Village of Gowanda moved for an award of attorney's fees, and

Whereas Magistrate Judge Heckman filed a Report and Recommendation and Order on December 16, 1996, copies of which were mailed to counsel for the parties by the Clerk of the Court on December 18, 1996, recommending that the Defendants' Motions for Summary Judgment be granted and denying Defendant Village of Gowanda's application for attorney's fees without prejudice, and

Whereas no objections to the Report and Recommendation have been received from any party within ten (10) days from the date of its service, in accordance with 28 U.S.C.

§ 636(b)(1) and WDNY R.Civ.P. 72.3(a)(3); and

Whereas, after careful review of the Report and Recommendation, as well as the pleadings and materials submitted by the parties,

IT HEREBY IS ORDERED, that this Court accepts the Magistrate Judge's Report and Recommendation in its entirety, including the authorities cited and the reasons given therein, and that Defendants' Motions for Summary Judgment are GRANTED.

FURTHER, that the Clerk of the Court is directed to enter final judgment in favor of the Defendants and against the Plaintiffs.

SO ORDERED.

## REPORT AND RECOMMENDATION AND ORDER

HECKMAN, United States Magistrate Judge.

This case has been referred to the undersigned by Hon. William M. Skretny pursuant to 28 U.S.C. § 636(b) for pretrial matters and to hear and report on dispositive motions. All defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, and the Village of Gowanda defendants have moved for an award of attorney's fees. Plaintiffs have not responded to defendants' motions. For the following reasons, defendants' summary judgment motions should be granted. The Gowanda defendants' attorney's fee application is denied without prejudice.

### *BACKGROUND*

The original complaint in this case was filed on May 26, 1995 by the *pro se* plaintiffs, James A. Dill and Daniel P. Dill. Upon the court's grant of leave (*see* Item 21), an amended complaint was filed on February 14, 1996 (Item 11). Plaintiffs allege that on May 19, 1995 they were stopped in their vehicle by New York State Department of Environmental Conservation ("DEC") Officer Jeffrey Rupp and Village of Gowanda Police Officer Sam Castellano and detained for over an hour, in violation of their rights under the first, fourth, fifth, ninth and fourteenth amendments to the United States Constitution, and in retaliation for filing a separate federal civil rights action in the Western District of New York on May 10, 1995 (No. 95–CV–368S(H)). Plaintiffs also allege that the Village of Gowanda, the Village of Gowanda Police Department, and Village of Gowanda Mayor and Police Commissioner Donald Lazar (the "Gowanda defendants") are liable for the alleged constitutional violations because they failed to adequately train and supervise their police officers and employees. Plaintiffs further allege that the Village of Gowanda is liable for the alleged constitutional violations because it failed to adequately train and supervise Lazar and Castellano. Plaintiffs seek damages pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and under various theories of false imprisonment, invasion of privacy and infliction of emotional distress.

The following facts are not in dispute.[1] On May 19, 1995, DEC Officer Rupp[2] observed plaintiff James Dill operating a pickup truck in the Village of Gowanda. Rupp had previously filed charges against James Dill in the Village of Cattaraugus Village Court for various violations of state environmental laws. During his investigation of those matters, Rupp performed a routine computer check of James Dill's motor vehicle record, which indicated that Mr. Dill's New York State operator's license had been suspended. Officer Rupp was also present in Cattaraugus Village Court for Mr. Dill's appearance on May

---

**1.** As mentioned above in the text, plaintiffs have not filed a response to any of the various defendants' summary judgment motions. The factual statements contained in defendants' motion papers are therefore uncontroverted. *See* Fed. R.Civ.P. 56(e) (party against whom motion is properly made must respond by affidavit setting forth facts showing genuine issue for trial; if party does not respond, summary judgment shall be entered if appropriate).

**2.** Under New York State law, "[a] sworn officer of the division of law enforcement in the department of environmental conservation" is designated as a "police officer" authorized to make an arrest for a traffic infraction which the officer has reasonable cause to believe occurred in his or her presence. N.Y.C.P.L. §§ 1.20(34)(j), 140.10(2); *see People v. Neuschatz*, 88 Misc.2d 433, 389 N.Y.S.2d 507, 508 (Sup.Ct.1975).

16, 1995. During that appearance, the presiding Village Justice indicated to Mr. Dill that his license had been suspended for failure to answer a traffic charge pending in that court, and that the suspension was still in effect (Item 33, Statement of Facts, ¶¶ 1–6; Item 36, Rupp Aff., ¶¶ 5–8;).

Upon observing Mr. Dill operating the vehicle, Officer Rupp attempted to stop the vehicle by following behind it with flashing lights and siren. Plaintiff did not stop. Officer Castellano, who was on patrol in his police vehicle in the vicinity of the pursuit, heard the sirens and observed the vehicles as they passed. As Castellano approached in his vehicle, Rupp motioned to him for assistance. Castellano pulled in front of Rupp's vehicle and stopped plaintiff's vehicle on the side of the road (Item 36, ¶¶ 9–12; Item 39, Castellano Aff., ¶ 3).

Rupp and Castellano spoke briefly with one another before approaching plaintiff's vehicle. Rupp informed Castellano that he believed James Dill was operating the vehicle with a suspended license. Castellano was also aware of the suspension due to Mr. Dill's failure to answer the traffic charge pending in the Village of Cattaraugus. The officers then approached the plaintiffs' vehicle and observed James Dill in the operator's seat and Daniel Dill in the passenger's seat. Castellano asked James Dill for his license and registration. James Dill produced a license and handed it to Castellano. The officers returned to their respective vehicles, and each officer made a radio call to run a computer check on the license. Both computer checks confirmed that James Dill's license was still suspended (Item 33, ¶¶ 7–9; Item 36, ¶¶ 13–14; Item 39, ¶¶ 4–7).

Officer Castellano issued James Dill a ticket for aggravated unlicensed operation of a motor vehicle in the third degree in violation of N.Y. Vehicle & Traffic Law § 511.1(a).[3]

Officer Castellano then asked Daniel Dill for his license to confirm the presence of a licensed driver so that the vehicle could be released and driven from the scene. Daniel Dill produced his license, and Castellano ran a computer check confirming its validity. Castellano returned the license to Daniel Dill and allowed him to drive the vehicle from the scene with James Dill as the passenger. No charges were placed against Daniel Dill, and neither of the plaintiffs were taken into custody (Item 33, ¶¶ 10–13; Item 39, ¶¶ 8–9).

On October 17, 1995, James Dill appeared with counsel in Town of Persia Town Court. He entered a plea of guilty to a reduced charge of unlicensed operation of a motor vehicle in violation of N.Y. Vehicle & Traffic Law § 509.1. He was fined $100 plus a surcharge of $75, which was paid on December 12, 1995 (Item 39, Ex. C).

Defendant Rupp moves for summary judgment on the following grounds:

1. Plaintiffs cannot sue for damages under § 1983 for unlawful arrest because the resulting conviction has not been invalidated;

2. Plaintiffs cannot sue for civil rights conspiracy under § 1985 or failure to prevent conspiracy under § 1986;

3. Rupp had probable cause to stop plaintiffs' vehicle;

4. Rupp is entitled to qualified immunity; and

5. The court should decline to exercise supplemental jurisdiction over plaintiffs' non-federal causes of action (Item 35).

Defendant Castellano moves for summary judgment on essentially these same grounds, and the Gowanda defendants assert the additional grounds that plaintiffs have failed to adequately plead or prove municipal or supervisory liability under § 1983, that plaintiffs failed to serve a notice of claim, and that

**3.** N.Y. Veh. & Traf.Law § 511.1 provides, in relevant part:

 1. Aggravated unlicensed operation of a motor vehicle in the third degree.

 (a) A person is guilty of the offense of aggravated unlicensed operation of a motor vehicle in the third degree when such person operates a motor vehicle upon a public highway while knowing or having reason to know that such

person's license or privilege of operating such motor vehicle in this state or privilege of obtaining a license to operate such motor vehicle issued by the commissioner is suspended, revoked or otherwise withdrawn by the commissioner.

 (b) Aggravated unlicensed operation of a motor vehicle in the third degree is a misdemeanor. . . .

punitive damages are unavailable against a municipality. The Gowanda defendants also seek attorney's fees and costs under § 1988 (Item 38).

These grounds for summary judgment, as well as the Gowanda defendants' request for attorneys' fees, are discussed in turn below.

### DISCUSSION

### I. Summary Judgment.

Summary judgment is appropriate if the pleadings, discovery materials, and affidavits on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In reaching this determination, the court must assess whether there are any material factual issues to be tried while resolving ambiguities and drawing reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 166–67 (2d Cir.1991). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248, 106 S.Ct. at 2510; *see Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

Once the moving party has met its burden of demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a "metaphysical doubt" concerning the facts, or on the basis of conjecture or surmise. *Bryant v. Maffucci, supra* (citing *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986)). In order to avoid summary judgment, the nonmoving party is under the obligation "to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Burke v. Bevona*, 931 F.2d 998, 1001 (2d Cir.1991). "Entry of summary judgment indicates that no reasonable jury could return a verdict for the losing party." *Coach Leatherware, Inc. v. AnnTaylor, Inc., supra*, 933 F.2d at 167. Stated slightly differently, "[w]hen no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Services*, 22 F.3d 1219, 1224 (2d Cir.1994).

### II. 42 U.S.C. § 1983.

■ In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); *Channer v. Mitchell*, 43 F.3d 786, 787 (2d Cir.1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Heck v. Humphrey, supra; see also Dawkins v. City of Utica*, 1994 WL 675047, at *1 (N.D.N.Y. November 28, 1994).

Thus, when a plaintiff seeks damages in a § 1983 action based on allegations that the governmental conduct resulting in his conviction and sentence was unlawful, the district court must consider whether a judgment in favor of the plaintiff would necessarily implicate the validity of his conviction or sentence. *Heck, supra*. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. However, if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit. *Id.*, 512 U.S. at 486–87, 114 S.Ct. at 2372–73.

The holding in *Heck* "dovetails with established law in the Second Circuit, which also incorporates common law rules into Section 1983 analysis to hold that a valid conviction will bar a Section 1983 plaintiff from asserting federal claims for false arrest, false imprisonment, or malicious prosecution." *Powers v. Sickler*, 1995 WL 146272, at *4 (N.D.N.Y. March 31, 1995) (citing *Cameron v. Fogarty*, 806 F.2d 380, 387–88 (2d Cir. 1986), *cert. denied*, 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987)).

■ In this case, the record before the court clearly demonstrates that judgment in favor of plaintiffs on their claims against any of the defendants would necessarily implicate the validity of James Dill's conviction upon entry of a guilty plea to the charge of unlicensed operation of a motor vehicle. Because a valid conviction is conclusive evidence of probable cause, all of plaintiffs' claims question the validity of James Dill's conviction. *See Powers v. Sickler, supra*, 1995 WL 146272, at *5; *see also Roesch v. Otarola*, 980 F.2d 850, 853–54 (2d Cir.1992) (holding that requirement that § 1983 plaintiff receive favorable termination applies equally to claims of false arrest, false imprisonment and malicious prosecution). In other words, recovery on plaintiffs' § 1983 claims, or on their claims of false arrest, false imprisonment, invasion of privacy, or malicious prosecution, would presume that plaintiffs were stopped by defendants Rupp and Castellano without probable cause, and that the charge of driving with a suspended license (later reduced to driving without a license) was therefore invalid. *See Dawkins v. City of Utica, supra*, 1994 WL 675047, at *3.

Thus, in order to succeed on their § 1983 claims based on the allegedly unlawful conduct of defendants Rupp and Castellano, plaintiffs must show that James Dill's conviction has been reversed, expunged or somehow otherwise invalidated. Because they cannot make such a showing, summary judgment is appropriate dismissing plaintiffs' claims for damages under § 1983.

■ In addition, in order to hold a municipal entity liable under § 1983 for the alleged unconstitutional actions of its officials, the plaintiff must plead and prove (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978); *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir.1983). The mere assertion that the municipality or entity has such a custom or policy is insufficient "in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir.1993).

The amended complaint in this case alleges that a policy can be inferred from the failure of the Village of Gowanda (through defendant Lazar, as mayor) or the police department (through defendant Lazar, as commissioner) to take disciplinary action against Castellano for his allegedly unconstitutional stop of plaintiffs. This assertion is insufficient to impose municipal § 1983 liability on the Village of Gowanda or the Gowanda Police Department.

■ Furthermore, in order to impose § 1983 liability on defendant Lazar, plaintiffs must show that Lazar was personally involved in the purported unconstitutional conduct. *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir.1995). As stated by the Second Circuit:

A defendant may be personally involved in a constitutional violation within the meaning of 42 U.S.C. § 1983 in several ways. The defendant may have directly participated in the infraction.... A supervisory official, after learning of the violation through a report or appeal, may have failed to remedy the wrong.... A supervisory official may be liable because he or she created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue.... Lastly, a supervisory official may be personally liable if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event.

*Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir.1986) (citations omitted).

Plaintiffs have not come forward with any evidence upon which a rational jury could find that Lazar failed to remedy any unconstitutional conduct, created or allowed any

unconstitutional custom or practices to continue, or grossly managed subordinates. Nor have plaintiffs pleaded any facts from which such a finding could be rationally inferred. The claims against the defendant Lazar should therefore be dismissed.

## III. Conspiracy to Violate Plaintiffs' Civil Rights.

█ In order to sustain a conspiracy claim under 42 U.S.C. § 1983, a plaintiff must demonstrate that a defendant "acted in a willful manner, culminating in an agreement, understanding or 'meeting of the minds,'" that violated the plaintiff's constitutional rights. *Duff v. Coughlin*, 794 F.Supp. 521, 525 (S.D.N.Y.1992) (quoting *Katz v. Morgenthau*, 709 F.Supp. 1219, 1231 (S.D.N.Y.), *aff'd in part, rev'd in part*, 892 F.2d 20 (1989)); *see also Malsh v. Austin*, 901 F.Supp. 757, 763 (S.D.N.Y.1995).

Plaintiffs have not pleaded any facts to show, or from which a reasonable inference can be drawn, that any of the defendants actually entered into such an agreement. Accordingly, plaintiffs' civil rights conspiracy claims should be dismissed.

█ Plaintiffs also allege liability under 42 U.S.C. § 1985 for conspiracy to interfere with civil rights and under § 1986 for neglect to prevent conspiracy. However, § 1985 requires a showing of "class based animus," *Jews for Jesus, Inc. v. Jewish Community Relations Council of New York, Inc.*, 968 F.2d 286, 291 (2d Cir.1992), which has not been alleged here, nor could it be. Section 1986 addresses "neglect to prevent" conspiracies under § 1985. Thus, where no cause of action lies under § 1985, no cause of action can lie under § 1986. *Levy v. City of New York*, 726 F.Supp. 1446 (S.D.N.Y.1989).

█ 42 U.S.C. § 1988 is primarily addressed to the availability of an award of attorneys' fees to the prevailing party in a § 1983 action. Persons appearing in federal court *pro se*—that is, on their own behalf and without legal counsel—are not entitled to recover fees under this section for work expended in bringing or defending a § 1983 suit. *Jermosen v. Smith*, 733 F.Supp. 13, 14 (W.D.N.Y.1990).

## IV. Probable Cause.

█ There can be no federal civil rights claim for unlawful arrest where the arresting officers had probable cause. *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118–19 (2d Cir.1995), *cert. denied*, —— U.S. ——, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996); *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). Probable cause is established "when the arresting officer has 'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" *O'Neill v. Town of Babylon*, 986 F.2d 646, 650 (2d Cir.1993) (quoting *Calamia v. City of New York*, 879 F.2d 1025, 1032 (2d Cir.1989)).

The record before the court establishes that the officers had probable cause to stop James Dill for operating a motor vehicle while his license was suspended. Rupp had first-hand knowledge of the suspension from his personal involvement in the investigation pertaining to the environmental law charges against James Dill, and was present in Cattaraugus Village Court when the presiding justice advised James Dill of the status of the suspension. Castellano aided in the stop upon observing plaintiffs' vehicle failing to pull over for Rupp. Rupp then advised Castellano of his knowledge of the status of James Dill's license, and Castellano verified the status prior to issuing the ticket to James Dill.

Based on these uncontroverted facts, no reasonable jury could find in favor of plaintiffs on their claim that their constitutional rights were violated when defendants Rupp and Castellano stopped their vehicle in the Village of Gowanda on May 19, 1995. Therefore, even if summary judgment is not granted on the ground that James Dill's conviction resulting from the traffic stop has not been invalidated, summary judgment in favor of defendants is appropriate on the ground that the officers had probable cause to stop plaintiffs' vehicle and charge James Dill with operating the vehicle while his license was suspended.

## V. Qualified Immunity.

■ Government officials performing discretionary functions in the course of their duties are immune from suits alleging constitutional violations "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982) (quoted in Russell v. Coughlin, 910 F.2d 75, 78 (2d Cir. 1990)). A right is "clearly established" if (1) it is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has affirmed its existence, or (3) a reasonable defendant would understand from existing law that his or her acts were unlawful. Jeffries v. Harleston, 21 F.3d 1238, 1248 (2d Cir.), vacated on other grounds, 513 U.S. 996, 115 S.Ct. 502, 130 L.Ed.2d 411 (1994). Even when such rights are clearly established, qualified immunity will protect a government official "if it was objectively reasonable for [the official] to believe that his [or her] acts did not violate those rights." Robison v. Via, 821 F.2d 913, 921 (2d Cir.1987); Russell, supra, 910 F.2d at 78; Gittens v. LeFevre, 891 F.2d 38, 42 (2d Cir.1989). "The objective reasonableness test is met—and the defendant is entitled to immunity—if 'officers of reasonable competence could disagree' on the legality of the defendant's actions." Lennon v. Miller, 66 F.3d 416, 420 (2d Cir.1995).

A defendant is entitled to summary judgment on qualified immunity grounds when, "looking at the evidence in the light most favorable to, and drawing all inferences most favorable to, the plaintiff[ ]," Halperin v. Kissinger, 807 F.2d 180, 189 (D.C.Cir.1986), quoted in Robison, supra, 821 F.2d at 921, the court determines that no reasonable jury could conclude that it was objectively unreasonable for the defendant to believe that his or her conduct or actions did not violate an established federally protected right. Lennon v. Miller, supra, 66 F.3d at 420. "In other words, if any reasonable trier of fact could find that the defendants' actions were objectively unreasonable, then the defendants are not entitled to summary judgment." Id.

Considering the record before the court in light of these standards, I find that no reasonable jury could conclude that defendants acted unreasonably when they stopped plaintiffs' vehicle and issued James Dill a ticket for operating the vehicle while his license was suspended. Obviously, there is no clearly established statutory or constitutional right not to be pulled over for driving with a suspended license. As discussed above, the officers had probable cause to believe that James Dill's license was suspended. No rational juror could conclude that it was objectively unreasonable for Officer Rupp to attempt pull the vehicle over when he observed James Dill operating it, or for Officer Castellano to assist Rupp when he observed the unheeded pursuit.

Accordingly, defendants Rupp and Castellano are entitled to summary judgment on the ground of qualified immunity.

## VI. Supplemental Jurisdiction.

■ Where summary judgment is appropriately entered dismissing the claims brought under federal law against a defendant, the court should decline to exercise supplemental jurisdiction over non-federal claims arising out of the same operative facts. 28 U.S.C. § 1367(c)(3); K.M.B. Warehouse Distributors, Inc. v. Walker Manufacturing Co., 61 F.3d 123, 131 (2d Cir.1995); Young v. New York City Transit Authority, 903 F.2d 146, 163–64 (2d Cir.), cert. denied, 498 U.S. 984, 111 S.Ct. 516, 112 L.Ed.2d 528 (1990); Weaver v. Brenner, 1995 WL 760668, at *3 (N.D.N.Y. November 27, 1995); Fluent v. Salamanca Indian Lease Authority, 847 F.Supp. 1046, 1055 (W.D.N.Y., Mar. 14, 1994); Presnick v. Santoro, 832 F.Supp. 521, 528 (D.Conn.1993). As the discussion above demonstrates, no reasonable jury could find in favor of plaintiffs on any of the claims upon which original federal jurisdiction might be based, and there are no evident reasons why the court should exercise supplemental jurisdiction over any of plaintiffs' non-federal claims. Accordingly, summary judgment should be entered in favor of all defendants on plaintiffs' state or common law claims of false arrest, false imprisonment, invasion of

privacy, selective or malicious prosecution, and infliction of emotional distress.

## VII. Punitive Damages.

 The Village of Gowanda and the Village of Gowanda Police Department also move for summary judgment dismissing the claims against them for punitive damages. Punitive damages are not available against a municipality in a § 1983 action. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616 (1981); *Mason v. Schenectady City School Dist.*, 879 F.Supp. 215, 220 (N.D.N.Y.1993).

Accordingly, the Gowanda defendants' summary judgment motion should be granted to the extent it seeks dismissal of plaintiffs' claims for punitive damages against the Village of Gowanda and the Village of Gowanda Police Department.

## VIII. Attorney's Fees.

Finally, the Gowanda defendants seek an award of attorney's fees under 42 U.S.C. § 1988, which provides that in a § 1983 action, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs." Attorney's fees may be awarded to a prevailing defendant in a § 1983 civil rights case "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978); *Hughes v. Rowe*, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980) (applying *Christiansburg* standard to § 1983 actions); *see also LaBorde v. Citibank*, 1996 WL 19175 (E.D.N.Y. Jan. 12, 1996).

In *LaBorde v. Citibank*, the district court considered a prevailing defendant's application for an award of attorney's fees under circumstances similar to those presented in this case. The court found as follows:

> There is no serious dispute that plaintiff's initial complaint was confused, disjointed, and illogical and that defendants have prevailed in this action. However, the action

has not sufficiently developed to permit more than an educated guess as to whether it was frivolous or without foundation. Moreover, when dealing with a *pro se* plaintiff, courts are generally reluctant to impose sanctions. Such a rule has particular bearing in cases where the manner in which a *pro se* plaintiff proceeds is such as to raise concerns about the plaintiff's competence to act or defend himself. In this case, an admonition to desist appears sufficient, since the plaintiff has not continued to press his case.

*LaBorde v. Citibank, supra*, 1996 WL 19175 at *2 (citing *Baasch v. Reyer*, 846 F.Supp. 9 (E.D.N.Y.1994)).

The same considerations apply to this case. While a finding of frivolousness would certainly be appropriate if plaintiffs had been represented by competent counsel, plaintiffs have appeared *pro se* throughout the proceedings. They have apparently received assistance in preparing their complaints, briefs and other submissions from a non-attorney who is obviously unfamiliar with the legal principles and procedural requirements involved in bringing federal court civil rights cases. They have also apparently decided not to press this case, at least in the proceedings before the undersigned, as evidenced by their failure to respond as directed to defendants' summary judgment motions. The record before the court on this case demonstrates that the frivolity of the complaint stems not so much from vexatiousness as from plaintiffs' lack of understanding of constitutional law and federal court litigation.

In addition, the Gowanda defendants have not provided this court with affidavits of attorney time spent on the case, fees charged, or providing any other information upon which an award of reasonable attorney's fees could be based.

For these reasons, and because a ruling that defendants have "prevailed" would be premature pending the district court's consideration of this report and recommendation, the Gowanda defendants' application for an award of attorney's fees is denied, without prejudice.[4]

4. While an application for attorney's fees is not

specifically enumerated or generally considered

## CONCLUSION

Based on the foregoing, it is recommended that the summary judgment motions of defendant Rupp (Item 34) and the Gowanda defendants (Item 37) be granted, and the case dismissed in its entirety.

The Gowanda defendants' application for attorney's fees is denied without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Paterson–Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985 (1st Cir.1988).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.,* 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may*

to be a dispositive matter for report and recommendation under 28 U.S.C. § 636(b)(1), the district court may designate the application as such.

*result in the District Court's refusal to consider the objection.*

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the plaintiffs and the attorneys for the defendants.

**SO ORDERED.**

Dec. 16, 1996.

*See, e.g., Pro–Choice Network of Western New York v. Project Rescue Western New York,* 848 F.Supp. 400 (W.D.N.Y.1994).