William MONTGOMERY,
Plaintiff–Appellant,

v.

Marie MACAJOUX, Office of the Chief Medical Examiner N.Y. City, Kings County Hospital, Pepi Dakou, Dr., Tudor, Dr., Johnson, Dr., Thomas Scalea, M.D., Shih, Dr., Adler, Dr., Klien, Dr., Ellowitz, Dr., Kotzen, Dr., Kelly, Dr., Chin, Dr., Shelby, Dr., Samuel, Dr., Kraus, Dr., Vertil, Dr., McRae, Dr., Hahn, Investigator, Defendants–Appellees.

No. 04–2007.

United States Court of Appeals, Second Circuit.

March 28, 2005.

William Montgomery, Attica, New York (on submission), for Plaintiff–Appellant, pro se.

Ronald R. Sternberg, Senior Assistant Corporation Counsel of the City of New York, New York, New York (on submission), for Defendants–Appellees.

Present: NEWMAN, WESLEY, and HALL, Circuit Judges.

SUMMARY ORDER

William Montgomery appeals the district court's dismissal of his complaint under 28 U.S.C. § 1915A(b). The court held Montgomery's claims were barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and, in the alternative, the relevant statutes of limitations. Applying *de novo* review, *see Liner v. Goord,* 196 F.3d 132, 134 (2d Cir.1999), we affirm.

Montgomery raises three main arguments on appeal. First, he claims that § 1915A does not apply because he paid a filing fee. However, § 1915A "appl[ies] to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid [a] filing fee." *Carr v. Dvorin,* 171 F.3d 115, 116 (2d Cir.1999) (per curiam). Second, Montgomery contends that *Heck* does not apply because his complaint does not allege malicious prosecution. The principle of *Heck,* however, applies equally to Montgomery's claims because "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck,* 512 U.S. at 487, 114 S.Ct. 2364; *see Channer v. Mitchell,* 43 F.3d 786, 787 (2d Cir.1994) (per curiam). Finally, Montgomery argues that the district court erred in finding his claims time-barred. Although this question is moot in light of the applicability of *Heck,* we agree with the district court's conclusion and reasoning. We find the remainder of Montgomery's arguments lack merit.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby AFFIRMED.