**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1545

_____

ROBERT G. CASON,
                    Appellant

v.

MIDDLESEX COUNTY PROSECUTORS OFFICE; OLD BRIDGE POLICE;
OFFICER BRACHT; SAYREVILLE POLICE DEPARTMENT; OFFICER TEATOR;
TRIAL COUNSEL ANTONIO J. TOTO; PUBLIC DEFENDERS
OFFICE NEWARK NJ; MARTHA MCKINNEY

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-18-cv-02101)
District Judge:  Honorable Zahid N. Quraishi

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 3, 2024
Before:  JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: October 10, 2024)
_____

OPINION[*]
_____

PER CURIAM

    Robert G. Cason appeals pro se from the District Court's orders denying his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motion for default judgment and dismissing his amended complaint. For the following reasons, we will affirm.

In March 2011, a jury in the Superior Court of New Jersey, Law Division, found Cason guilty of eluding a police officer and resisting arrest in connection with a traffic stop in Old Bridge, New Jersey. He was unsuccessful on direct appeal and in state collateral-review proceedings.

In February 2018, Cason commenced this action pursuant to 42 U.S.C. § 1983 against various individuals and entities involved in the 2011 state-court trial. Specifically, he named as defendants the Sayreville Police Department, the Old Bridge Police Department, Officer G. Bracht, and Officer C. Teator (together, the Police Defendants); Middlesex County Prosecutor Martha McKinney; the Middlesex County Prosecutor's Office (MCPO); defense counsel Antonio J. Toto; and the Newark Public Defender's Office (NPDO). In the operative amended complaint, Cason claimed that the arresting officers gave false and unreliable testimony about the events surrounding the traffic stop; that the prosecutor failed to disclose favorable evidence and knowingly introduced the arresting officers' false testimony; and that defense counsel failed to object to false witness testimony and hearsay evidence, failed to introduce favorable evidence, and failed to sufficiently cross-examine witnesses.

Defendants MCPO, Toto, and NPDO each moved to dismiss the amended complaint, arguing, inter alia, that Cason's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994), and the applicable statute of limitations. Cason moved for default judgment against MCPO, arguing that it did not send him a copy of its motion to dismiss

2

within the requisite period. He then moved for judgment on the pleadings and sought a default judgment against the Police Defendants, who had not yet responded to the amended complaint.

By order entered July 21, 2022, the District Court granted the motion to dismiss filed by MCPO, Toto, and NPDO and denied Cason's motion for judgment on the pleadings, agreeing with the defendants that Cason's claims were barred under Heck and the applicable statute of limitations.[1] The District Court denied Cason's request for default judgment as to MCPO on the ground that, contrary to Cason's contention, MCPO had filed and served its responsive pleading within the sixty-day period required by Rule 4(d)(3) of the Federal Rules of Civil Procedure. With respect to Cason's motion for default judgment as to the Police Defendants, the District Court ordered Cason to show cause why his claims against them should not be dismissed under Heck and the applicable statute of limitations. The Police Defendants subsequently filed motions to dismiss raising these defenses. The District Court granted the motions to dismiss and dismissed the amended complaint. Cason appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's decision to dismiss Cason's amended complaint. See Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021). We review the District

---

[1] The District Court also determined that, to the extent that Cason sought reversal of his state-court convictions, his claims were barred under the Rooker-Feldman doctrine. Upon further review of his pleading, however, the District Court determined that he was not seeking such relief.

3

Court's denial of the motion for a default judgment for abuse of discretion. See

Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).

On appeal, Cason first argues that the District Court erred in denying his motion

for a default judgment against MCPO because, according to Cason, MCPO did not file its

responsive pleading within sixty days of the date he requested a waiver of service, as

required by Federal Rule of Civil Procedure 4(d)(3). The record reflects that on June 9,

2021, Cason completed a USM 285 Form directing the Marshal to serve process on

MCPO. There is no indication in the record as to when the Marshal served MCPO, but

MCPO executed the waiver-of-service form on June 15, 2021. Pursuant to Rule 4(d)(3),

MCPO had sixty days from the date the "request was sent"—which, in this case, was, at

the earliest, June 9, 2021--to file and serve an answer or Rule 12 motion.[2] MCPO

executed the waiver and filed its motion to dismiss on June 15, 2021, and served Cason

with a copy of its motion on July 20, 2021—all within the sixty-day period. Because

MCPO thus complied with its Rule 4 obligations, the District Court acted within its

discretion in denying Cason's request for a default judgment.

Cason also contends that the District Judge was biased against him. According to

Cason, the District Judge's Opinions reveal a pattern of misstating and omitting material

facts. For example, Cason notes, the District Judge incorrectly stated that Officer Bracht

---

[2] Cason contends that he sent his request for waiver of service on May 11, 2021, and that MCPO "fraudulently" stated on the waiver form that he sent it on June 15, 2021. In support of his argument, Cason cites the June 15, 2021 docket note stating "waiver sent on 5/11/2021, answer due 7/12/2021." ECF No. 27. This docket note notwithstanding, we calculate the sixty-day period based on the USM 285 Form that is part of the record. ECF No. 26-3.

was still in a Walmart parking lot when he attempted to approach Cason, whereas, in fact, Officer Bracht had already left the parking lot. Similarly, Cason contends, the District Judge omitted and obscured material facts concerning the weather conditions at the time of the traffic stop. But the District Judge's Opinions reveal no bias; rather, Cason's grievances amount only to dissatisfaction with the District Judge's legal rulings. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) (noting that mere disagreement with adverse rulings is insufficient evidence of judicial bias).

Cason next challenges the District Court's determination that his claims were barred under Heck. In Heck, the Supreme Court held that where success in a § 1983 action to recover damages would implicitly call into question the validity of a conviction, the plaintiff must first achieve favorable termination of his conviction. 512 U.S. at 486–87. We agree with the District Court that many of Cason's claims—specifically, his claims that the Police Defendants provided false testimony and that the prosecution suppressed evidence—are Heck-barred because success on those claims would necessarily imply that his state-court convictions were invalid, and his convictions have not been vacated or otherwise called into question.[3] See Channer v. Mitchell, 43 F.3d 786, 787 (2d Cir. 1994) (per curiam) (holding that § 1983 claim that police officers committed perjury at trial was barred by Heck); Poventud v. City of New York, 750 F.3d

---

[3] Furthermore, Cason cannot state a § 1983 claim against a police officer for allegedly giving perjured testimony at his criminal trial. See Briscoe v. LaHue, 460 U.S. 325, 326 (1983).

121, 134 (2d Cir. 2014) (en banc) (recognizing that § 1983 claim that sounds under <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963), is subject to <u>Heck</u>-bar).

To the extent that Cason's amended complaint can be read as asserting a claim for false arrest, that claim was clearly untimely. This claim accrued at the time Cason was arrested and detained pursuant to legal process in December 2008. <u>See</u> <u>Wallace v. Kato</u>, 549 U.S. 384, 397 (2007). He had two years, or until December 2010 to commence his § 1983 action against the arresting officers. <u>See</u> <u>Dique v. N.J. State Police</u>, 603 F.3d 181, 185 (3d Cir. 2010). As the District Court noted, however, he did not commence this action until February 2018. Therefore, his false-arrest claim was untimely. Moreover, he did not establish a basis for equitable tolling, as the attorneys he claims are responsible for the delay did not begin to represent him until the limitation period had run. <u>See</u> <u>Lake v. Arnold</u>, 232 F.3d 360, 370 (3d Cir. 2000) (discussing equitable tolling for federal civil rights claims).[4]

We have considered Cason's remaining arguments on appeal and conclude that, in light of the record as a whole, they are meritless. Accordingly, we will affirm.[5]

---

[4] Cason did not state a claim against Toto, a private attorney, because he did not allege any facts that would cause us to consider him a state actor for purposes of § 1983. <u>See</u> <u>Angelico v. Lehigh Valley Hosp., Inc.</u>, 184 F.3d 268, 277 (3d Cir. 1999).

[5] Cason's motion for leave to file an amended reply brief and appendix is granted, and we have considered his amended reply brief in rendering our opinion. Cason's motion to stay the appeal and petition for writ of mandamus are denied.